COMMONWEALTH *vs.* HENRY COLEMAN.

Middlesex.     March 13, 1925. — April 24, 1925.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Motor Vehicle*, Unauthorized use.     *Intent.*

At the trial of an indictment under G. L. c. 90, § 24, charging using a motor vehicle without authority, it appeared that the defendant was found seated in the vehicle away from the owner's garage. The owner testified that he had not given authority to the defendant or to anyone else to use the vehicle. The defendant testified that he and a companion had accepted an invitation to ride in the vehicle from a man he did not know who had asked the defendant's companion to take the vehicle on an errand; that, having gone on the errand unsuccessfully, the defendant and his companion were riding about when interrupted by the police officer, and that he had not himself operated the vehicle. *Held*, that a finding of guilty was warranted and that it was proper to refuse to order a verdict of not guilty.

The "use" of a motor vehicle without authority, forbidden by G. L. c. 90, § 24, includes such use by a passive guest of one having no authority to use the vehicle.

Wrongful intent is not an element of the offence described in G. L. c. 90, § 24; and one may be found guilty of a violation of the statute in using a motor vehicle "without authority," although he is innocent of guilty intent and is riding in the vehicle without knowledge of a lack of authority to use it on the part of the person in control.

INDICTMENT, found and returned on June 9, 1924, under G. L. c. 90, § 24, for using a motor vehicle without authority.

In the Superior Court, the indictment was tried before *Lawton*, J. Material evidence, rulings by the trial judge,

and exceptions by the defendant are described in the opinion. The defendant was found guilty and alleged exceptions.

The case was submitted on briefs.

*P. J. Delaney & G. C. Strong*, for the defendant.

*A. K. Reading*, District Attorney, *R. T. Bushnell*, Assistant District Attorney, *& A. Leonard*, Assistant District Attorney, for the Commonwealth.

WAIT, J. The defendant was found guilty upon an indictment under G. L. c. 90, § 24, charging, in the words of the statute, that he and one Kelley did use "a motor vehicle without authority."

When arrested about two o'clock in the morning of May 28, 1924, he was seated in a Reo truck which had disappeared from the garage of the owner between the evening of May 27 and the morning of May 28. The owner testified that he had not given authority to the defendant or to anyone else to use it. The defendant's story at that time was that he and his companion had accepted an invitation to ride in the truck given by a man they did not know, who, after driving them some distance, had asked Kelley to take the truck and do an errand. He and Kelley had gone on the errand unsuccessfully, and were riding about afterward, when the police interfered. He had not at any time operated the truck himself.

The judge could not take the case from the jury. The burden was on the Commonwealth to prove not only "use" by the defendant but also that it was "without authority." Nevertheless, the evidence of the position in which the defendant was found, of the story told by him, and of the owner of the truck, with the reasonable inferences to be drawn therefrom were enough, if believed, to sustain that burden. The motion for a directed verdict was denied properly.

The defendant requested the judge to rule:

"(1) If the jury finds that the defendant got on the Reo Truck at the invitation of a person whom the defendant believed had a right to extend the invitation, and thereafter rode in the truck as a passenger, the verdict must be not guilty.

"(2) If the jury finds that the defendant rode in the Reo Truck in good faith, the verdict must be not guilty.

"(3) The defendant might ride in the Reo Truck even though he knew it had been misappropriated by another, and if the jury finds that he did so ride, and if they find that the Reo Truck was misappropriated, the verdict must be not guilty.

"(4) On all the evidence the verdict must be not guilty."

These requests do not state the law. The "use" condemned by the statute includes use by a passenger. One uses a machine if he rides in it, although he rides as a passive invited guest. It is not necessary that there be active control or operation of the machine on his part. The use may be "without authority," although one is innocent of guilty intent and ignorant of the lack of authority to use the vehicle on the part of the person in control. Whoever uses a motor vehicle must actually be authorized to do so if he is to stand guiltless under this statute. Mere belief, however honest, in the authority of the person in control is not enough. He must be authorized by the owner; or by one who in law possesses the right of control ordinarily vested in the owner. Wrongful intent is not a part of the offence.

Section 24 of G. L. c. 90 deals with the act and disregards the intent. It makes the act criminal. See *Commonwealth v. Pentz*, 247 Mass. 500. That such was the purpose of the Legislature appears from the provision in regard to going away after inflicting injury without first making known name, residence, and registration number. In St. 1909, c. 534, § 22, the words appear: ". . . or who knowingly goes away without stopping and making himself known after causing injury . . ." This court, in *Commonwealth v. Horsfall*, 213 Mass. 232, which was decided in January, 1913, held that one who, after inflicting damage, went away believing that he had left his name and address, was not guilty of "knowingly" going away. It said: "It would have been simple for the Legislature to have made the act of going away by the driver of an automobile without making himself known after injuring person or property a crime, and this would have been accomplished by omitting the word 'knowingly' from the statute." The change was made by St. 1916, c. 290, which amended the clause to read ". . . or

whoever without stopping and making known his name, residence, and the number of his motor vehicle goes away after knowingly colliding with or otherwise causing injury to any other vehicle or property. . . ." Thus the act, irrespective of intent, was made criminal. It is not reasonable to suppose that the Legislature failed to indicate its meaning, if it purposed to make intent an ingredient of the offence in the other matters dealt with by the section.

The requests were refused properly. The portion of the charge to which exception was claimed stated the law correctly.

*Exceptions overruled.*