COMMONWEALTH *vs.* MIRIAM BOOS.

Middlesex.   February 2, 1970. — February 26, 1970.

Present: WILKINS, C.J., SPALDING, KIRK, SPIEGEL, & REARDON, JJ.

*Motor Vehicle,* Unauthorized use, Citation for violation of motor vehicle law.

Noncompliance by police with the requirements of G. L. c. 90C, § 2, as amended through St. 1968, c. 725, §§ 1 and 2, respecting the issuance of citations for violation of any statute relating to the operation or control of motor vehicles was not a defence to an indictment under § 28 of G. L. c. 266, relating to crimes against property, for operating a motor vehicle without the authority of its owner after revocation of the defendant's license to operate.

INDICTMENT found and returned in the Superior Court on January 8, 1969.

A motion to dismiss was heard by *Sgarzi,* J.

*Leonard M. Frisoli, Jr.,* Assistant District Attorney, for the Commonwealth.

*Ralph F. Champa, Jr.,* for the defendant.

SPALDING, J.   The defendant was indicted on January 8, 1969, for operating a motor vehicle without the authority of the owner after her right to operate had been revoked, and prior to the restoration of such right to operate or issuance to her of a new license to operate.   The defendant

---

moved to dismiss the indictment on the ground that no citation was issued, delivered or mailed to her within a reasonable time in accordance with G. L. c. 90C, § 2. The motion was allowed and the Commonwealth, pursuant to G. L. c. 278, § 28E, appealed.

The facts are not in dispute. On October 12, 1968, an automobile owned by one Foti was used without his authority and involved in an accident in Somerville. Sergeant Little, an officer of the Medford police department, was requested to investigate the accident, and was informed by one Martha Warren, who had been found in the automobile, that the defendant had operated the automobile immediately before the accident. The officer thereafter learned that the defendant's right to operate had been suspended and he obtained a report on the accident from the Somerville police department. On November 1, 1968, some twenty days after the accident, Sergeant Little mailed the defendant a citation for unauthorized use of an automobile after revocation of license. Because of a mistake in the date of the accident on the citation, a second citation was mailed on November 4. The defendant inquired of the police concerning the citation and was told "to pay no attention" and "she would be notified."

The defendant's motion to dismiss was based on the provisions of G. L. c. 90C, § 2, as amended through St. 1968, c. 725, §§ 1 and 2: "Any police officer assigned to traffic enforcement duty shall . . . record the occurrence of automobile law violations upon a citation, filling out the citation and each copy thereof as soon as possible . . . . A failure to give the original of the citation to the offender at the time and place of the violation shall constitute a defense in any trial for such offense, except . . . where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender . . . . In such case the automobile law violation shall be recorded upon a citation as soon as possible after such violation and the citation shall be delivered to the offender or mailed to him . . . ." General Laws c. 90C, § 1, as amended through

St. 1967, c. 432, § 2, defines "[a]utomobile law violation" as "any violation of any statute . . . relating to the operation or control of motor vehicles."

The Commonwealth does not contend that the citation was issued, mailed or delivered to the defendant in accordance with the requirements of G. L. c. 90C, § 2. Rather it argues that the defence of c. 90C, § 2, is unavailable to the defendant because she has been indicted for committing a crime against property, under G. L. c. 266, § 28, to which the provisions of c. 90C, § 2, are inapplicable. We agree. Because § 28 "relates" to the operation or control of automobiles does not automatically bring the offence within c. 90C, § 2, to the exclusion of more serious offences in which the use of a motor vehicle may be incidental. Automobile violations are for the most part contained in G. L. c. 90. Although c. 90 defines offences bearing some resemblance to c. 266, § 28,[1] the two chapters are different in substance and scope. The "main purpose [of c. 90] was to govern the operation of motor vehicles upon ways." *Opinion of the Justices,* 250 Mass. 591, 601. Chapter 90C is concerned with the procedure to be followed in dealing with violations arising out of c. 90. Chapter 266, on the other hand, defines crimes against property, many of which are felonies, as is the offence here charged. The purpose of the citation requirement is to provide notice of an offence to enable one to prepare his defence. *Commonwealth* v. *Gorman,* 356 Mass. 355. Automobile law violations are often fleeting in nature. In some cases, unless called immediately to the attention of the offender, one may not be aware that an offence has been committed. Crimes against property, whether or not involving automobiles, are different in nature, and the need for a citation "as soon as possible" is lacking. In such cases

---

[1] See, for example, G. L. c. 90, § 24, subsec. (2) (a), as amended through St. 1968, c. 259, ". . . whoever uses a motor vehicle without authority knowing that such use is unauthorized . . . ." See also c. 90, § 23, as amended by St. 1963, c. 331: "Any person convicted of operating a motor vehicle . . . after notice of the suspension of his right to operate a motor vehicle without a license has been issued by the registrar . . . and prior to the restoration of such license or right to operate or to the issuance to him of a new license to operate . . . ."

notification by citation would serve no useful purpose. We hold that noncompliance with c. 90C, § 2, cannot provide a defence to an indictment brought under c. 266, § 28.

*Order dismissing indictment reversed.*