COMMONWEALTH *vs.* ALLAN J. DIAS. February 24, 1971. The defendant was convicted on three indictments charging him with crimes punishable under the following provisions of the General Laws: c. 265, § 15B; c. 266, § 28; and c. 266, § 104. The evidence, in large part circumstantial, but including damaging admissions by the defendant, permitted the jury to find that on February 5, 1968, the defendant's license and right to operate motor vehicles having been revoked, he drove a stolen automobile in Hanson without the authority of the owner; that he drove it past the house of one MacKenzie, the chief of the town police; and that he fired seven shots, six of which struck the house and broke four panes of glass. Two were fired while MacKenzie was on his front porch and one of these struck within one or two feet from MacKenzie. We have considered all of the errors alleged by the defendant and argued in his brief and which are based on seasonable exceptions. We find no error. The jury could find that certain unsolicited, unprovoked, self-implicating, boastful and in part threatening statements made by the defendant to MacKenzie on June 12 and 21, 1968, related to the

offences of February 5, 1968. The statements constituted an admission by the defendant and were properly allowed in evidence even though made more than four months after the offence. *Commonwealth* v. *Ladetto*, 349 Mass. 237, 244. *Commonwealth* v. *Sullivan*, 354 Mass. 598, 609. The defendant asks us to decide that the police searched premises and seized an article not described in an admittedly valid search warrant which is not before us and the contents of which are not in the record or transcript. We cannot make such a decision on the record and transcript before us. Even if we were to assume, as the defendant asks us to do, that the warrant authorized only a search for and seizure of a gun, and that the police in executing the warrant found and seized some live shells and a spent shell, such a seizure would not be unlawful. See *Commonwealth* v. *Wojcik*, *ante*, 623, 625–630, and cases cited. There is no merit to the defendant's contention that the charge under G. L. c. 266, § 28, must be dismissed because Chief MacKenzie did not give him a citation "at the time and place of the violation," but instead issued one about a week later when investigation revealed the identity of the violator. (See G. L. c. 90C, § 2, as amended through St. 1965, c. 692, § 3, in effect on the date of this offence.) If c. 90C applies to the violation of c. 266, § 28, and we do not so decide, it makes an exception to this requirement for presenting a citation on the scene "where the violator could not have been stopped." The statute does not require the officer to risk injury or death by running into a burst of gunfire or by engaging in a dangerous chase to present the citation to the hostile violator. By his conduct the violator in this case forfeited his right to insist on receiving the citation "at the time and place of the violation."

*Judgments affirmed.*

*Robert W. Kelley* for the defendant.
*Brian E. Concannon*, Assistant District Attorney, for the Commonwealth.