COMMONWEALTH *vs.* BRIAN H. MULLINS.

Worcester.   April 9, 1975. — May 12, 1975.

Present: TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law.

Denial of a motion by the defendant in complaints of motor vehicle violations to dismiss them by reason of failure to deliver a citation of the violations to him at the time and place of such offenses, as required by G. L. c. 90C, § 2, was error where it appeared that the defendant stopped at such time and place and that his identity was then established and the Commonwealth presented no evidence that additional time was reasonably necessary to determine the nature of the violations or that any circumstance justified such failure, even if the defendant was not prejudiced by the failure. [734-736]

TWO COMPLAINTS received and sworn to in the First District Court of Eastern Worcester on December 7, 1972, and February 14, 1973, respectively.

On appeal to the Superior Court, the cases were tried before *Garbose*, J., a District Court judge sitting under statutory authority.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*T. Philip Leader* for the defendant.

*John D. Keeton, Jr.*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant was found guilty in the First District Court of Eastern Worcester of speeding and failure to slow when approaching a pedestrian. He appealed to the Superior Court, where he moved to dismiss the complaints on the ground that he was not given a citation at the time and place of the alleged violations, as generally required by G. L. c. 90C, § 2, and that none of the statutory exceptions to that general requirement was applicable.

The third paragraph of § 2 of G. L. c. 90C, as amended by St. 1968, c. 725, § 2, provides that the "failure to give the original of the citation to the offender at the time and place of the [automobile law] violation shall constitute a defense in any trial for such offense, except where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender or where the court finds that some circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure."

The judge heard evidence on the motion to dismiss and denied the motion. He filed no findings of fact. The defendant was found guilty on both charges. He argues his exception to the denial of his motion to dismiss.

From the evidence before the judge on the motion to dismiss, it is clear that no citation was given to the defendant at the time and place of the accident. The burden was thus on the Commonwealth to establish that

one of the exceptions in § 2 justified the prosecution of the defendant. It is uncontroverted that the defendant stopped at the scene of the accident and that his identity was established beyond question by a police officer and an inspector from the registry of motor vehicles (registry). No facts support a finding that additional time was reasonably necessary to determine the nature of the violation.

Therefore, the only apparent basis for the denial of the motion to dismiss was an implied finding (see *Commonwealth* v. *Pizzano*, 357 Mass. 636, 638-639 [1970]) that some circumstance, not inconsistent with the purpose of § 2, justified the failure to deliver the citation at the time and place of the alleged offenses. On this issue, the police officer, who mailed the citation to the defendant nineteen days after the accident, testified that he had not done so earlier because he thought the registry inspector had issued a citation sooner. He did not testify that he thought the registry inspector had issued a citation at the time and place of the accident.

The Commonwealth argues that the purpose of § 2 is to give an automobile law violator prompt notice of the charges so that he may defend himself and that, in the absence of any showing of prejudice to the defendant because of the delay, a judge need not dismiss a complaint for failure to issue a citation at the time and place of the accident. Although prompt notice of the charge or charges is an obvious purpose and consequence of the general requirement of the service of a citation at the scene of the alleged offense (see *Commonwealth* v. *Gorman*, 356 Mass. 355, 357-358 [1969]; *Commonwealth* v. *Boos*, 357 Mass. 68, 70 [1970]), the defense made available by § 2 is not limited to those who have been prejudiced by delay.

The evidence did not warrant a finding that any circumstance justified the failure to deliver the citation at the scene of the accident. There was no evidence as to why the registry inspector did not issue a citation at that

time.   Even if the policeman's testimony were interpreted to mean that he did not issue a citation because he believed that the registry inspector had done so at the time of the accident, all that the evidence would show at best is an unexplained mistake.   These circumstances did not justify the failure to deliver a citation at the scene. The motion to dismiss should have been allowed.

If circumstances in justification were disclosed, we would be required then to consider whether those circumstances were "not inconsistent with the purpose of . . . [§ 2], namely, to cause violators of automobile law to be brought uniformly to justice."   Chapter 90C was designed in part to assure that traffic tickets not be fixed. That tends to assure uniform treatment of violators.   The issuance of tickets after an alleged offense also can be the subject of special pressures and influences, and thus may result in the absence of equal treatment of alleged violators.   There is nothing on the record before us to show that the purpose of § 2 was achieved by the late issuance of the citation in this case.

*Exceptions sustained.*
*Judgments for the*
*defendant.*