COMMONWEALTH *vs.* ANDREW GIANNINO.

Worcester.    December 7, 1976. — January 7, 1977.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & LIACOS, JJ.

*Motor Vehicle,* Unauthorized use, Citation for violation of motor vehicle law.

Use of an automobile without authority in violation of G. L. c. 90, § 24, is not an "automobile law violation" requiring prompt issuance of a citation in accordance with c. 90, § 2.  [701-704]

COMPLAINT received and sworn to in the Central District Court of Worcester on April 28, 1975.

Questions of law were reserved and reported by *George,* J.

*Patrick A. Fox* for the defendant.

*Joseph J. Brennan, Jr.,* Assistant District Attorney, for the Commonwealth.

LIACOS, J.    The defendant was complained of in the Central District Court of Worcester on a charge of use of a motor vehicle without the authority of the owner, with knowledge that such use was unauthorized in violation of G. L. c. 90, § 24. After being found guilty in that court he appealed to the six-member jury session of the same court. In a pre-trial motion heard in that session he asked that the charge against him be dismissed on the basis that in

issuing a citation to him the Commonwealth had failed to deliver the citation promptly as required by G. L. c. 90C, § 2. After hearing evidence on the motion and obtaining a stipulation from trial counsel, the judge reserved and reported two questions to this court pursuant to G. L. c. 278, § 30A.[1] The questions set forth in the margin[2] raise the issue of whether failure to give a prompt notice of citation to an alleged violator of the pertinent provision of G. L. c. 90, § 24, is a complete defense to a complaint issued thereunder as provided in G. L. c. 90C, § 2.

The facts reported by the District Court judge show that on March 30, 1975, the defendant was observed with two other youths in the front seat of a car which did not belong to any of them. The defendant was not behind the wheel but was located in the middle of the front seat. The witness, who observed the youths, promptly reported both a description of their acts and a description of the defendant to the police. After reporting the incident and notifying the owner of the vehicle, she returned to her place of observation whereupon it was observed that the car was missing. A further investigation of the incident was initiated on April 25, 1975, and a citation was issued to the defendant on April 28, 1975.

General Laws c. 90C, § 2, as amended through St. 1968, c. 725, § 3, provides in part that: "A failure to give the

---

[1] Neither party has raised the question whether this reservation and report is properly before the court. The relevant statute, G. L. c. 278, § 30A, is only available "prior to the trial of a person in a criminal case in the superior court . . . ." While this case is reported not by a judge of the Superior Court, but by the judge presiding over a jury of six session of the District Court, we have indicated that the two are to be considered substantially the same in applying G. L. c. 278, § 30A. *Commonwealth* v. *Henry's Drywall Co.,* 362 Mass. 552, 555 & n.4 (1972).

[2] "1. Do the provisions of . . . [G. L. c. 90C, § 2] apply to the offense of using a motor vehicle without the authority of the owner, knowing such use to be unauthorized in violation of . . . [G. L. c. 90, § 24].

"2. Should this Court allow the defendant's motion to dismiss the complaint on the grounds that he was not given a citation in the manner generally required by . . . [G. L. c. 90C, § 2], and that none of the statutory exceptions to that general requirement was applicable?"

original of [a] citation to the offender at the time and place of the violation shall constitute a defense in any trial for such offense, except where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender or where the court finds that some circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure."

At the hearing on the motion the Commonwealth did not introduce any evidence which would justify the delay in delivering the citation. The Commonwealth's position in argument to this court is based not on a claim of compliance with G. L. c. 90C, § 2, but rather on a claim that this statute does not apply to prosecutions under G. L. c. 90, § 24, for use of an automobile without authority. We agree that it does not apply.

The provisions of G. L. c. 90C, § 2, apply to "automobile law violations." *Commonwealth* v. *Boos*, 357 Mass. 68, 70 (1970). Such violations are defined in G. L. c. 90C, § 1, as amended through St. 1967, c. 432, § 2, as "any violation of any statute, ordinance, by-law, or regulation relating to the operation or control of motor vehicles...." Thus, the first question is whether the offense of use without authority is an "automobile law violation" or, more specifically, whether it is an offense which both necessarily and exclusively encompasses the "operation or control" of a motor vehicle.

The defendant has argued that this particular offense defined in G. L. c. 90, § 24, must be considered an automobile law violation since it is included in G. L. c. 90 which generally includes all automobile law violations. However, the mere fact that an offense involves a motor vehicle does not ipso facto make it an automobile law violation.

The elements of the offense of use without authority are (1) use; (2) of a motor vehicle; (3) in a public way; (4) without authority; (5) knowing that such use is unauthorized. J.R. Nolan, Criminal Law § 577 (1976). The "use" intended by the statute includes a passenger. *Com-*

*monwealth* v. *Coleman*, 252 Mass. 241, 243 (1925). In defining the character of "use" necessary to support a conviction we have said: "One uses a machine if he rides in it, although he rides as a passive invited guest. It is not necessary that there be active *control or operation on his part*" (emphasis supplied). *Ibid.* Thus, the thrust of this offense is not aimed at regulating the manner in which automobiles are operated on a public way. Furthermore, the gravamen of the offense is virtually undistinguishable from the basic crime of larceny of a motor vehicle, G. L. c. 266, § 28, in that both require an unauthorized taking but the Commonwealth must also prove, in regard to the latter offense, that there was an intent permanently to deprive the rightful owner of the possession of the motor vehicle. The "unauthorized use" crime is a lesser included offense under a charge of larceny. *Commonwealth* v. *Subilosky*, 352 Mass. 153, 166 (1967). Despite its inclusion in G. L. c. 90, § 24, it is obvious that "use without authority "is not an automobile law violation within the meaning of G. L. c. 90C, § 1. Thus, G. L. c. 90C, § 2, is inapplicable.[3]

Our conclusion in this respect is given strong support by examining the obvious legislative purpose in enacting G. L. c. 90C, § 2. In *Commonwealth* v. *Boos*, 357 Mass. 68 (1970), we held that a failure to issue a prompt citation would not provide a defense to the charge of larceny of a motor vehicle under G. L. c. 266, § 28. We said in that case that the purpose of the citation requirement is to provide notice of an offense to enable a violator to prepare his defense to a charged violation of the laws governing the operator of a motor vehicle. The necessity for this type of notice is due to the fact that "[a]utomobile law violations are often fleeting in nature. In some cases, unless called immediately to the attention of the offender, one may not be aware that an offence has been committed." *Id.* at 70.

---

[3] General Laws c. 90, § 24 (2) (*a*), defines a variety of offenses other than the one here in issue. What we hold here in regard to the "unauthorized use" offense is not to be viewed as affecting the applicability of G. L. c. 90C, § 2, to other offenses stated in c. 90, § 24, many of which are obviously "automobile law violations" as defined in c. 90C, § 1.

A complementary purpose, as noted in *Commonwealth* v. *Gorman,* 356 Mass. 355, 357 (1969), was to inform the violator whether a complaint or merely a warning would issue.

It is clear that these purposes have no relevance to this particular violation of G. L. c. 90, § 24. Since its amendment in St. 1926, c. 253, a conviction under G. L. c. 90, § 24, can be had only on proof of actual knowledge of the unauthorized character of the use on the part of the defendant. Compare *Commonwealth* v. *Coleman,* 252 Mass. 241, 243 (1925), for the pre-amendment law. Thus, knowledge of the wrongful character of the act is an essential element of the offense.[4] In this situation a requirement of notice to alert an offender that an offense had been committed seems as superfluous as the necessity of issuing a citation after an arrest for a motor vehicle violation, a procedure rejected as unnecessary in *Commonwealth* v. *Gorman, supra.* Cf. *Commonwealth* v. *Mullins,* 367 Mass. 733, 736 (1975).[5]

For these reasons we answer both questions reserved and reported by the District Court judge in the negative.[6]

*So ordered.*

---

[4] We can assume that the Legislature was cognizant of this in light of the fact that the citation procedure at issue in this case had its genesis in 1962. See St. 1962, c. 789, § 2.

[5] It has also been noted that a further purpose of G. L. c. 90C, § 2, is to prevent ticket fixing and to aid in enforcement of highway safety. 1962 House Doc. No. 38. 1963 Senate Doc. No. 860. 1965 Senate Doc. No. 839. Obviously, such a purpose bears no rational connection to the offense charged in this case.

[6] The record is unclear as to the duty status of the police officers involved. We note that G. L. c. 90C, § 2, is addressed to the duties of "[a]ny police officer assigned to traffic enforcement duty." Neither party has briefed or argued this issue, and we express no opinion on the applicability of G. L. c. 90C, § 2, in cases not involving such a police officer. Cf. *Commonwealth* v. *Pizzano,* 357 Mass. 636 (1970).