COMMONWEALTH *vs.* RONALD LINDER. December 30, 1983. *Motor Vehicle,* Unauthorized use.

The defendant was convicted of use of a motor vehicle without authority, G. L. c. 90, § 24. He appeals from the denial of his motion, made after the Commonwealth's case and again before sentencing, for a required finding of not guilty on the basis of insufficiency of the evidence. The evidence supporting a finding that the defendant "used" the motor vehicle was that the defendant was observed for a minute or so sitting on the passenger side of the stationary automobile in a parking lot several hours after the automobile had been stolen. He left the car, went to a phone booth, and apparently made a call. Before he returned to the car police officers approached and the driver drove away. The defendant fled by foot to his home, where he was discovered hiding in a closet.

*Commonwealth* v. *Giannino,* 371 Mass. 700 (1977), stated that use of a motor vehicle without authority is a lesser included offense of larceny of a motor vehicle, G. L. c. 266, § 28, the sole difference being the element of the intent permanently to deprive the owner of possession. That proposition was questioned but apparently left undisturbed by *Costarelli* v. *Commonwealth,* 374 Mass. 677, 683-684 (1978). The elements of larceny of a motor vehicle include an unlawful taking and carrying away (see Nolan, Criminal Law § 350 [1976]; see also *Commonwealth* v. *Johnson,* 379 Mass. 177, 181 [1979]), and from this it follows that the "use" made punishable by G. L. c. 90, § 24, must involve an unlawful taking and carrying away.

Here the time between the taking of the automobile and the only observation of the defendant was four hours or more. The defendant

was never seen riding in the automobile, nor was there any evidence connecting the defendant to the place of the taking. Given this lack of evidence linking the defendant to the initial taking and asportation, we conclude that no rational trier of fact could find beyond a reasonable doubt (see *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 [1979]) that the defendant "used" the automobile within the meaning of G. L. c. 90, § 24.

*Judgment reversed.*

*Verdict set aside.*

*Judgment for the defendant.*

*Nona E. Walker* for the defendant.

*Patrick J. Roache, Jr.*, Assistant District Attorney, for the Commonwealth.