COMMONWEALTH *vs*. MARTINA MARCHAND. July 16, 1984. *Motor Vehicle,* Citation for violation of motor vehicle law. *Practice, Criminal,* Citation for violation of motor vehicle law.

After an evidentiary hearing, a District Court judge allowed the defendant's motion to dismiss a charge of vehicular homicide for insufficiency in the delivery of the citation. See G.L. c. 90C, § 2, third par., as amended by St. 1968, c. 725, § 2. The Commonwealth has appealed.

On Monday afternoon, September 26, 1983, in Stoughton, the defendant's vehicle was involved in an intersection accident with another vehicle. The operator of the other vehicle was seriously injured and died the next day. Officer McCarter of the Stoughton police investigated at the scene and issued no citation for any motor vehicle law violation that day. The next day, after learning that the other operator had died, McCarter investigated further, consulted with a registry inspector, and delivered a citation to the defendant for operating so as to endanger. (The trial of the endangering charge has been stayed pending resolution of this appeal.) It was not until November 7, 1983, however, some forty-one days later, that McCarter

issued a second citation to the defendant for vehicular homicide. McCarter conceded that no further investigation occurred after September 27, that he knew the requirements of G.L. c. 90C, § 2, third par., and that he issued the second citation only after being advised to do so by the Stoughton police prosecutor and an assistant district attorney.

The procedures of § 2 are to be enforced with due strictness, see *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978), in order to accomplish the objectives of the statute. See *Commonwealth* v. *Giannino*, 371 Mass. 700, 703-704 (1977); *Commonwealth* v. *Provost*, 12 Mass. App. Ct. 479, 483 (1981). Delays in the delivery of the citation have been countenanced under the statute's safety valve, on records showing that "additional time was reasonably necessary to determine the nature of the violation" or for other extenuating circumstances. See e.g., *Commonwealth* v. *Pappas*, 384 Mass. 428, 432 (1981); *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 109-111 (1980), rev'd on other grounds, 382 Mass. 387 (1981); *Commonwealth* v. *Provost*, 12 Mass. App. Ct. at 484-485. However, "where an important feature of the statutory arrangements was flouted through sloth or sheer inattention of the police, the subsequent complaint has been dismissed without regard to whether the defendant suffered actual prejudice." *Commonwealth* v. *Perry*, 15 Mass. App. Ct. 281, 283 (1983). See *Commonwealth* v. *Mullins*, 367 Mass. 733, 735-736 (1975). See also *Commonwealth* v. *Provost*, 12 Mass. App. Ct. at 485 n.3.

This case is governed by the latter principle. The facts demonstrate serious inattention by the police or at best an "unexplained mistake," *Commonwealth* v. *Mullins*, 367 Mass. at 736, and the oversight is not amenable to correction under any of the exceptions enumerated in the third paragraph of G.L. c. 90C, § 2. The failure of compliance with the statute entitles the defendant to the dismissal she sought without a showing that she has been prejudiced.

> *Order dismissing criminal complaint No. CMV-19882 affirmed.*

The case was submitted on briefs.

*William D. Delahunt,* District Attorney, *& Charles J. Hely,* Assistant District Attorney, for the Commonwealth.

*Ronald F. Martignetti* for the defendant.