COMMONWEALTH *vs.* JOHN M. RYAN. July 18, 1986. *Motor Vehicle,* Citation for violation of motor vehicle law. *Practice, Criminal,* Citation for violation of motor vehicle law.

The defendant received a first instance jury trial in the Wareham District Court on complaints alleging larceny of a motor vehicle, assault with a deadly weapon, speeding, failure to stop at a stop sign, failure to stop for a police officer and operating to endanger. Prior to the trial the court denied the defendant's motion to dismiss the latter four complaints for police failure to comply with the provisions of G. L. c. 90C, §§ 2 and 3 (the "no-fix" statute). The court granted the defendant's motion for a required finding of not guilty on the larceny complaint. The jury found the defendant not guilty on the assault charge but convicted him of the other four offenses. The defendant bases his appeal, in part, on the denial of his motion to dismiss for failure to comply with the no-fix statute.

There was evidence that, at approximately 1:52 A.M. on September 10, 1983, Officer Michael Dormity ("Dormity" or "officer") stopped a green, 1977 Pontiac Grand Prix at the intersection of Route 3A and Salt Road in Duxbury, after observing the weaving path taken by the vehicle. Dormity halted behind the Grand Prix, stepped from his cruiser, and approached the driver's door. As he neared the driver (male, white, with a beard), that person started the car, swerved to the left, and narrowly missed Dormity. Dormity noted the registration number and gave chase. During the pursuit the Grand Prix reached speeds in excess of 100 miles per hour, failed to halt at a stop sign, and eventually eluded Dormity.

The officer traced the registration number of the Grand Prix and proceeded to the owner's address. He learned after arriving that the owner was reporting the vehicle as stolen. The owner told Dormity that she had loaned the vehicle to her boyfriend, the defendant, earlier that evening. The officer drove to the defendant's residence in Marshfield. The Grand Prix was not

on the premises but Dormity recognized the defendant as the driver he had seen earlier. Dormity placed the defendant under arrest on outstanding warrants for unrelated motor vehicle offenses and transported him to the police station. Dormity questioned the defendant about the chase both before and after the arrest and informed the defendant that he intended to apply for complaints with respect to those events. The officer testified that he was convinced he had correctly identified the defendant and that no further investigation of the September 10, 1983, motor vehicle violations was necessary. Nonetheless, Dormity did not issue citations for these offenses until the defendant called to inquire on September 16, 1983. The related complaints were not received and sworn to in the District Court until October 27, 1983.

General Laws c. 90C, § 2, as appearing in St. 1982, c. 586, § 2, states that "[a] failure to give a copy of the citation to the [motor vehicle law] violator at the time and place of the violation shall constitute a defense in any trial for such violation." The statute excuses the failure "where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator," but it goes on to provide that "[i]n such case the automobile law violation shall be recorded upon a citation *as soon as possible* after such violation and the citation shall be delivered to the violator . . ." (emphasis added). A defendant need not show prejudice to avail himself of the protection of this statute. *Commonwealth* v. *Mullins*, 367 Mass. 733, 735 (1975). *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978). *Commonwealth* v. *Marchand*, 18 Mass. App. Ct. 932, 933 (1984). Failure to issue the citation promptly has been excused where the defendant was arrested for the motor vehicle violation, see, e.g., *Commonwealth* v. *Gorman*, 356 Mass. 355, 358 (1969), *Commonwealth* v. *Shea*, 356 Mass. 358, 360 (1969), where the defendant or his condition frustrated delivery; see, e.g., *Commonwealth* v. *Dias*, 358 Mass. 819, 820 (1971); *Commonwealth* v. *Babb*, 389 Mass. 275, 277 (1983); *Commonwealth* v. *Perry*, 15 Mass. App. Ct. 281, 283 (1983), where necessary investigation occasioned the delay; see, e.g., *Dias*, 358 Mass. at 820; *Commonwealth* v. *Pappas*, 384 Mass. 428, 432-433 (1981); *Commonwealth* v. *Provost*, 12 Mass. App. Ct. 479, 485 (1981); *Commonwealth* v. *Gammon*, ante 1, 7-8 (1986); *Commonwealth* v. *Barbuto*, ante 941, 943 (1986), or where the seriousness of charges and attendant circumstances make it clear that the statute's "no-fix" purpose has not been frustrated, see, e.g., *Babb*, 389 Mass. at 283.

Here the defendant was not arrested for these violations. By the officer's own testimony no further time was needed to identify the defendant or to investigate the motor vehicle violations, which the officer had witnessed. Any investigation of the reported larceny offense was extraneous to the motor vehicle violations. Cf. *Commonwealth* v. *Giannino*, 371 Mass. 700, 702-703 (1977). The officer had no difficulty locating the defendant and

could offer no reason for the delay other than a misapprehension of the required procedures. This case is squarely within the holding of *Commonwealth* v. *Marchand*. It follows that the defendant was entitled to a dismissal of these four motor vehicle charges.

The judgments are reversed, and the verdicts are set aside. Judgments are to be entered dismissing the complaints.

*So ordered.*

*James W. Rosseel* for the defendant.

*Robert P. Snell*, Assistant District Attorney, for the Commonwealth.