Dohoney, J.
This civil motor vehicle infraction involves a rather commonplace factual occurrence that involves a much litigated issue.
An officer of the Worcester Police Deoartment was dispatched to the scene of a motor vehicle accident. As a result of his investigation, at the scene, he issued a motor vehicle citation to the defendant for the charge of speeding. In completing the citation, the officer checked a box indicating a “Criminal Complaint Application”. The citation was given in hand to the defendant at the scene. Appropriate other copies were processed through the Worcester Police Department in normal fashion. At some point, a responsible official came to the correct conclusion that a first-offense of speeding cannot be made the subject of a criminal complaint and is properly a civil motor vehicle infraction. The officer was instructed to issue a new citation and to check the box appropriate for processing as a civil motor vehicle infraction.
The officer did this within five (5) days and mailed the new citation to the defendant. This new citation forms the basis of this action. The defendant was found responsible by the Clerk-Magistrate and appealed to a Justice. At the hearing before the Justice, the defendant orally moved to dismiss the action because the citation was not written until five (5) days after the incident. Although the defendant contends otherwise, our review of the tape recording of the proceeding indicates that the Justice allowed this motion. The Commonwealth has appealed.
General Laws, Chapter 90C, §2 provides that failure to give a copy of the citation to the violator at the time of the violation shall constitute a defense except where the court finds that a circumstance not inconsistent with the purpose of the statute justifies the failure. The issue as to the delivery of the citation has produced much litigation: In deciding any case, two cardinal *158 principles emerge. Our Supreme Judicial Court stated these purposes in Commonwealth v. Pappas, 383 Mass. 428, 431 (1981) as follows:
“Two purposes underlie the citation requirements óf G.L. C.90C, §2. The first purpose is apparent from the common name of the statute, the ‘no-fix’ law. .. The second purpose served by the statute is to afford prompt and definite notice of the nature of the alleged offense to the putative violator.”
See also, Commonwealth v. Babb, 389 Mass. 275 (1983) and Commonwealth v. Perry, 15 Mass. App. Ct. 281 (1983).
A review of the cases indicates that the length of interval between the incident and the citation is not the determining factor. The following intervals were held to be excessive: six (6) days, Commonwealth v. Ryan, 22 Mass. App. Ct. 970 (1986); nineteen (19) days, Commonwealth v. Mullins, 367 Mass. 733 (1975); forty (40) days, Commonwealth v. Marchand, 18 Mass. App. Ct. 932 (1984). However, the following intervals were held to be permissible: same day, Commonwealth v. Pappas, 384 Mass. 428 (1981); two (2) days, Commonwealth v. Gammon, 22 Mass. App. Ct. 1 (1986), further App. Rev. Den. 397 Mass. 1103; five (5) days, Commonwealth v. McCarthy, 11 Mass. App. Ct. 655 (1981); twenty-seven (27) days, Commonwealth v. Provost, 12 Mass. App. Ct. 479 (1981); one hundred and seventy (170) days, Commonwealth v. Barbuto, 22 Mass. App. Ct. 941 (1986), further App. Rev. Den. 398 Mass. 1102.
A more appropriate standard is to review the purposes of the statute. Here, a citation for the exact allegation was given at the scene. The only difference was the method of court procedure indicated to be pursued. There was no possibility of misuse or manipulation since there was no discretion in the officer as to whether the charge would be handled criminally or civilly. The second purpose is to afford prompt and definite notice. Here, the delivery of the first citation clearly satisfied this objective.
Thus, the motion to dismiss should not have been allowed. There being error, the matter is returned to the Central Worcester Division for further proceedings.