COMMONWEALTH *vs.* DENNIS W. ROVIARO. No. 91-P-199. May 15, 1992. *Motor Vehicle*, Citation for violation of motor vehicle law, Operating under the influence. *Practice, Criminal*, Citation for violation of motor vehicle law.

The Commonwealth appeals from an order of a District Court judge, following an evidentiary hearing, allowing the defendant's motion to dismiss a complaint for operating a motor vehicle while under the influence of alcohol so as to cause "serious bodily injury." G. L. c. 90, § 24L(2), inserted by St. 1986, c. 620, § 17. The basis of the motion[1] was that the police failed to make timely delivery of the citation pursuant to G. L. c. 90C, § 2 (1988 ed.) (the citation issued fifty-four days after the incident).[2] The judge ruled as matter of law that the Commonwealth did not carry its

---

[1]The motion does not appear in the record.
[2]The defendant was also cited for operating a motor vehicle so as to endanger. G. L. c. 90, § 24(2)(*a*). The police delivered a citation for that offense to the defendant in the hospital on the day after the accident.

burden to show that "additional time was reasonably necessary to determine the nature of the violation." We affirm.

At the motion hearing, Officer Timothy Sorrell of the Lanesborough police department testified as follows. On May 13, 1990, at about 9:20 P.M., he responded to the scene of a two-car collision on Route 8 in that town. A witness (one Siciliano) told Sorrell that the defendant's vehicle, while heading north, veered into the southbound lane. Siciliano managed to swerve out of the way, but the defendant's vehicle then collided with a vehicle being operated by John Ryan, Jr., who was behind Siciliano. The emergency medical technician at the scene informed the officer that the victim had lost part of an arm and an elbow. Both the defendant and Ryan were transported to the Berkshire Medical Center for treatment. Officer Sorrell followed for the purpose of speaking with them. At the hospital, Sorrell advised the defendant of his Miranda rights. The defendant told Sorrell that he had consumed five or six beers at a club approximately an hour before.

On the following day, Officer Sorrell, accompanied by another officer, went to the scene to reconstruct the accident. The police determined that the point of impact was in the southbound lane and that the defendant was at fault. After they conversed with the Lanesborough chief of police, Stanley Misiuk, it was agreed that a citation should issue for operating to endanger. Sorrell delivered the citation to the defendant at the hospital on the day after the accident and at that time "advised him that due to his statement and possibly the extent of Mr. Ryan's injuries, there might be further charges coming." The citation for operating while under the influence and causing serious bodily injury was not issued until July 6, fifty-four days after the accident. Sorrell testified that the reasons for the delay were lack of knowledge of the defendant's blood-alcohol level and the nature of Ryan's injuries. The officer felt that "in all best interest, [he] should have a good, thorough investigation and evidence before [he] proceeded with the charges." Sorrell had no opinion as to whether the defendant was under the influence of alcohol. Although he had spoken with the defendant and had observed his eyes, he could not tell whether the condition was attributable to alcohol or to the defendant's facial injuries. He "[d]id not believe" that he smelled alcohol on the defendant's breath when he spoke with him at the hospital. The officer acknowledged that he had previously made arrests for operating while under the influence without waiting for a blood-alcohol test, but that they were in circumstances where he had either witnessed the operation of the vehicle or the defendant had failed a field sobriety test. Neither circumstance was present here.

It is unclear when the defendant's medical records, which indicated his blood-alcohol level, became available to the police. Officer Sorrell testified that, in accordance with usual practice, he contacted the district attorney's office by telephone on or about May 17 (four days after the accident), and requested that the defendant's medical records be subpoenaed and pro-

duced in court on May 22. He said that he was notified by Chief Misiuk on June 28 that the records had been received. Misiuk subsequently testified that "at least once a week" he checked with the clerk's office of the Central Berkshire District Court to ascertain whether the records had arrived. On one such visit, on June 28, he became aware that the court had received them, and he was given the records. The defendant's blood-alcohol level was shown as .18. The judge found that the records were delivered to the court on an "unspecified date."

On July 5, the day before the citation issued, Officer Sorrell was contacted by an attorney representing John Ryan. The attorney had called to request the accident report in connection with a civil matter. The officer inquired as to the extent of Ryan's injuries and was told that they were serious, and that Ryan had lost an elbow. Sorrell then talked with Chief Misiuk and they concluded ("after reading a chapter and section") that there was sufficient evidence to issue a citation for operating under the influence of alcohol so as to cause serious bodily injury.

Chief Misiuk said that the two factors that caused the police to issue the citation on July 6 were (1) obtaining the defendant's medical records and (2) the statement from Ryan's attorney. When Officer Sorrell informed Misiuk about his conversation with the attorney, Misiuk returned the telephone call because the statute required that there be a "confirmed injury," and that the injury be permanent. Misiuk was informed that Ryan had undergone "numerous operations" and that his right arm was "permanently injured, disabled." Misiuk then advised Officer Sorrell to issue a citation. Misiuk also stated that were it not for the telephone call from Ryan's attorney, the citation for operating under the influence and causing serious bodily injury would not have issued.

The judge determined that because Officer Sorrell "had an admission [from the defendant] of the consumption of five or six beers and evidence of erratic operation" of his vehicle, the evidence was "sufficient for a conviction by proof beyond a reasonable doubt." Further, he concluded that the statement from the medical technician at the scene that Officer Sorrell should "look for an elbow," clearly indicated that a "terrible injury had occurred," and that therefore the Commonwealth had failed to show that additional time was necessary to determine the nature of the violation.

General Laws c. 90C, § 2, as amended by St. 1968, c. 725, § 2, imposes a requirement that the police issue a citation to a violator at the time and place of the violation. "The Legislature, however, tempered that requirement by permitting certain exceptions to allow delay of the issuance of the citation," *Commonwealth* v. *Gammon*, 22 Mass. App. Ct. 1, 3-4 (1986), such as in circumstances where "additional time was reasonably necessary to determine the nature of the violation" or "for other extenuating circumstances." See *Commonwealth* v. *Marchand*, 18 Mass. App. Ct. 932, 933 (1984). Contrast *Commonwealth* v. *Pappas*, 384 Mass. 428, 432 (1981).

The Commonwealth bears the burden of establishing that one of the statutory exceptions justified the delay. *Commonwealth* v. *Mullins*, 367 Mass. 733, 734-735 (1975). See *Commonwealth* v. *Barbuto*, 22 Mass. App. Ct. 941, 942 (1986). "Each case must be decided on its own peculiar facts." *Commonwealth* v. *Provost*, 12 Mass. App. Ct. 479, 484 (1981).

The facts here do not support a conclusion that the police reasonably needed fifty-four days to issue the citation for operating under the influence of intoxicating liquor and causing serious bodily injury. The police conduct went beyond a cautious approach. See *Gammon, supra* at 8. Not only was Officer Sorrell told by the defendant at the hospital that he had consumed five or six beers, but Officer Sorrell had also spoken to the emergency medical technician at the scene who informed him that the victim had lost part of an arm and an elbow. In fact, Officer Sorrell testified that he made an effort to try to locate the missing elbow.

In any event, in view of the police department's knowledge of serious bodily injury from the date of the accident, waiting eight days after receiving the hospital report (and fifty-four days from the time of the accident), before issuing the citation was a violation of the statute. The defendant need not show that he was prejudiced by the delay. *Commonwealth* v. *Mullins, supra* at 735.

*Order affirmed.*

*Mark J. Pasquariello,* Assistant District Attorney, for the Commonwealth.

*Richard A. Simons* for the defendant.