NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-518

BODHISATTVA SKANDHA

vs.

VITALCORE HEALTH STRATEGIES.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Bodhisattva Skandha, a prisoner in the custody of the Department of Correction currently confined to the Massachusetts Correctional Institute at Norfolk (MCI-Norfolk), appeals from the dismissal of his complaint against VitalCore Health Strategies (defendant or provider), the health care provider for prisoners at MCI-Norfolk.  The complaint alleged a concern that the defendant would place the plaintiff on the outpatient department list (OPD List) as an act of intimidation because he had refused medical treatment.  We affirm.

Background.  The following facts are drawn from the complaint and its attached exhibits.  On June 24, 2024, the

plaintiff, an eighty-two year old prisoner at MCI-Norfolk, submitted a "Sick Call Request Form" seeking an appointment with the podiatrist to get his toenails cut.  The request indicated the plaintiff could not wear shoes without experiencing pain.  The plaintiff did not receive any response.  Four months later, on October 22, 2024, he submitted a second request.  The following day, October 23, 2024, the plaintiff was triaged by a nurse who referred him to the provider, and the provider submitted a referral to the podiatrist.

More than six weeks later, on December 6, 2024, still having not had his toenails cut, the plaintiff submitted a "Medical Grievance" form (grievance) to the health service administrator (HSA) describing the delay and requesting prompt treatment.  The HSA approved the plaintiff's grievance on December 20, 2024, and a provider subsequently "expedited" the plaintiff's referral to the podiatrist.  The HSA's decision stated, "You refused your visit with your provider on December 5th, 2024.  However, your provider referred you to see a podiatrist when he is next onsite[.]  I have ensured you are scheduled with the podiatrist to address the issue with your toenails.  For these reasons, this grievance is approved."

Even though the HSA had approved the plaintiff's grievance, the plaintiff appealed the decision on December 30, 2024.  The plaintiff took issue with the HSA's assertion that he had

2

refused a visit with his provider, and stated, "You cannot force me to come to the [Health Services Unit [HSU]] if I have not submitted a Sick Call Request Form."

On January 17, 2025, the podiatrist cut the plaintiff's toenails. On January 28, 2025, the defendant's grievance appeal administrator returned the plaintiff's appeal because "[w]hen a grievance is approved, there is no decision . . . to consider overturning." But the grievance appeal administrator addressed the plaintiff's concern, stating,

> "As you have been informed previously, you cannot issue a blanket refusal of services, as that is not allowed by policy and/or contract. VitalCore is obligated to follow both the contracted requirements for patient care and the policies regarding patient care[.] I acknowledge that you do not want healthcare services, unless you request them, but neither I nor VitalCore are able to override policy or contract terms[.]"[1]

At some point between February 11, 2025, and April 1, 2025,[2] the plaintiff filed a civil complaint, seeking, among other things, an injunction to prohibit the defendant from putting his name on the OPD List except "when the plaintiff submits a Sick

---

[1] The complaint and record do not indicate whether the plaintiff was ever placed on the OPD List, or if he received any discipline or other negative consequences for refusing to meet with his provider.

[2] The plaintiff's complaint is dated February 11, 2025. The docket indicates the clerk's office filed it on April 1, 2025. But a clerk's notice indicates that it was ordered dismissed by a judge on March 26, 2025.

3

Call Request Form for treatment."  As best we can discern, the plaintiff's allegations appear to be in the nature of civil rights claims.  He seems to complain about the defendant's alleged practice of placing his name on the OPD List, which in turn would allegedly force him to choose between attending the HSU and exposing himself to "serious, communicable diseases" or else refusing to attend the HSU and facing unspecified "disciplinary punishment."  But the plaintiff does not allege that his name was ever placed on the OPD List, that he was ever exposed to any "serious, communicable diseases," or that he ever faced discipline for refusing to attend the HSU.

On March 26, 2025, a Superior Court judge reviewed the complaint and dismissed it, concluding that it was "frivolous and without merit."[3]  The plaintiff appealed.[4]

Discussion.  1.  Standard of review.  We review the dismissal of a civil complaint de novo.  Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  "For the purposes of that review, we accept as true the facts alleged in the plaintiff['s] complaint[] and any exhibits attached thereto, drawing all reasonable inferences in the plaintiff['s] favor."

_____

[3] The judge reviewed the complaint and denied it sua sponte. The defendant did not file a motion to dismiss.

[4] Like the plaintiff, we treat the order of dismissal as a final judgment.  See Commonwealth v. Roviaro, 32 Mass. App. Ct. 956, 956 (1992).

4

Revere v. Massachusetts Gaming Comm'n, 476 Mass. 591, 595 (2017).

Although a complaint need not include detailed factual allegations to avoid dismissal, it must provide some grounds from which to conclude the plaintiff is entitled to relief.  See Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  "[T]o raise a right to relief above the speculative level[,]" the allegations in the complaint must amount to more than mere "labels and conclusions."  Id.

2.  Civil rights claims.  The plaintiff alleges that the defendant's act of placing his name on the OPD List, which carries the potential of disciplinary action if the plaintiff does not report to the HSU, constitutes intimidation that interferes with his "freedom to remain safe from exposure to diseases."  The plaintiff adds that "unless he submits a Sick Call Request Form to the defendant, he cannot be placed on a list to attend the HSU."  We conclude this claim was properly dismissed.

As noted above, the plaintiff did not allege when, if ever, his name was placed on the OPD List; when, if ever, he was exposed to diseases; or when, if ever, he was disciplined for refusing to attend the HSU.  Accordingly, his claims do not "rise above the speculative level."  Iannacchino, 451 Mass. at 636.

5

Moreover, claims brought under the State and Federal Civil Rights Acts, G. L. c. 12, §§ 11H and 11I, and 42 U.S.C. § 1983, must allege a violation of the plaintiff's civil rights to survive a motion to dismiss.  Here, the complaint does not specify any conduct that allegedly violated any constitutional or statutory right.[5]

Order of dismissal affirmed.

By the Court (Rubin,
  Brennan & Wood, JJ.[6]),

Clerk

Entered:  January 29, 2026.

---

[5] With regard to the additional claims and arguments raised by the plaintiff in his brief, we conclude that they do not merit further  discussion.  See Commonwealth v. Domanski, 332 Mass. 66, 78 (1954) ("Other points, relied upon by the [plaintiff] but not discussed in this opinion, have not been overlooked.  We find nothing in them that requires discussion").

[6] The panelists are listed in order of seniority.