COMMONWEALTH *vs.* ADELINE L. STOCKWELL.

Worcester. October 6, 1969. — October 29, 1969.

Present: WILKINS, C.J., SPALDING, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law.

An original printed citation for a violation of a motor vehicle law, having a square blank box in front of each of the words "warning," "complaint," "arrest," on which a traffic police officer merely made a check mark above the word "complaint," and which he gave to the offender at the time and place of the violation pursuant to G. L. c. 90C, § 2, as amended through St. 1968, c. 725, §§ 1, 2, sufficiently indicated the officer's intent to apply for a complaint.

COMPLAINT filed in the Central District Court of Worcester on September 17, 1968.

Upon appeal to the Superior Court, the case was heard by *Levine, J.,* a District Court judge sitting under statutory authority.

*Philip R. Kneeland* for the defendant.

*Dermot J. Meagher,* Assistant District Attorney, for the Commonwealth.

SPIEGEL, J. A complaint charged the defendant with a violation of G. L. c. 90, § 17. At a trial in the Superior Court, without a jury, the defendant was found guilty and a fine imposed. The case is here on exceptions to the denial of certain of the defendant's requests for rulings.

It is admitted that the "[e]vidence . . . introduced by the Commonwealth . . . would warrant the Court in finding the defendant guilty."

The citation given by the arresting officer to the defendant was introduced in evidence and is before us. Near the bottom of the printed citation, on the same line, appear the following words: "warning," "complaint," "arrest." In front of each word is a square box. Instead of placing a mark in the box preceding the word "complaint" the officer made a check mark above the word "complaint" and added the word "speeding." In our view it is clearly evident that the officer intended to seek a complaint against the defendant. In addition, there was evidence that the officer told the defendant of the charge against her "at the time and scene of the violation, and . . . that a complaint against her would be issued in about ten days."

The defendant's only argument appears to be that G. L. c. 90C, § 2, as amended through St. 1968, c. 725, §§ 1, 2,[1]

---

[1] Pertinent portions of the statute follow: "Any police officer assigned to traffic enforcement duty shall, whether or not the offense occurs within his presence, record the occurrence of automobile law violations upon a citation, filling out the citation and each copy thereof as soon as possible and as completely as possible and indicating thereon whether a complaint shall be applied for, or whether a written warning shall be issued. Said police officer shall inform the offender of the violation and shall give the original of the citation to the alleged offender.

"*A failure to give the original of the citation to the offender at the time and place of the violation shall constitute a defence in any trial for such offense,* ex-

must be strictly complied with and "[s]ince the citation does not indicate whether a complaint or warning shall issue, defendant's requests for rulings . . . should have been granted."

The answer to this argument is that, in compliance with the statute, the citation shows that "a complaint . . . [was to] be applied for." In any event, the statute states but one circumstance that gives rise to a defence, namely: "A failure to give the original of the citation to the offender at the time and place of the violation . . .." We do not think a discussion of the several requests to be necessary.

*Exceptions overruled.*

---

cept where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender or where the court finds that some circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure" (emphasis supplied).