COMMONWEALTH *vs.* SAVERIO PIZZANO.

Worcester.   April 6, 1970. — June 12, 1970.

Present: WILKINS, C.J., SPALDING, CUTTER, REARDON, & QUIRICO, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law.  *Police.*

There was no error in denial of motions to dismiss complaints for auto-
mobile law violations on the ground that failure of a police officer to
give the defendant a citation at the time and place of the violations
constituted a defence thereto under G. L. c. 90C, § 2, as amended by
St. 1965, c. 692, § 3, where a finding of circumstances justifying such
failure was warranted by evidence that the officer was off duty and
not in uniform at his home one evening when he observed the defendant
committing the violations, and did not have with him a citation book
when he requested the defendant to show his license and registration
and the defendant refused, whereupon the officer returned to his home
and filled out a citation which was delivered to the defendant's home
the following afternoon.  [638–639]
Complaints for certain automobile law violations were lawfully issued
even if a police officer who applied for them was not a "police officer
assigned to traffic enforcement duty" within the meaning of G. L.
c. 90C, § 2, at the time and place he observed the violations, since he
would be entitled under the statute as "a person other than a police
officer" to apply for the complaints without showing that the alleged
offender had been issued a citation.  [639]
Even if one had only the powers of a constable at the time he observed
certain automobile law violations, he would be under G. L. c. 90C, § 2,
"a person other than a police officer" who could apply for complaints
without showing that the alleged offender had been issued a citation.
[639–640]

COMPLAINTS received and sworn to in the First District
Court of Southern Worcester on July 23, 1968.

Upon appeal to the Superior Court a motion to dismiss
the complaints was heard by *Garbose, J.,* a District Court
judge sitting under statutory authority.

*William C. Wright, Jr.,* for the defendant.

*Donald C. Cournoyer,* Assistant District Attorney, for the
Commonwealth.

QUIRICO, J.   The defendant excepts to the denial of his
motion to dismiss two complaints charging him with offences

constituting "automobile law violations" as defined in G. L. c. 90C, § 1.[1] The grounds alleged in the motion are that at the time and place of the alleged violations the complaining police officer (a) did not give him a citation as required by G. L. c. 90C, § 2, (b) was not assigned to traffic enforcement duty, and (c) was not in uniform and did not display his badge of office.

We state the facts bearing on the defendant's motion as they appear from his affidavit and from testimony of the officer at the hearing on the motion. On Sunday, July 21, 1968, Frederick B. MacDonald was a Massachusetts State police officer, he was off duty, and he was at his home in Sturbridge. Shortly after 8 P.M. he heard noise from a motorcycle. On investigation he observed the defendant operating the motorcycle without registration plates and committing other "automobile law violations." He went to the defendant whom he knew and who knew him to be a police officer. He was not in uniform and he did not display his badge. He asked the defendant to show him his license and registration, and the defendant refused to do so. The officer returned to his home and filled out a citation in the form required by G. L. c. 90C, § 2, to the extent of the information then available to him. The citation was delivered to the defendant's home by another State police officer about 4 P.M. on the next day, Monday, July 22, 1968.

On Tuesday, July 23, 1968, Officer MacDonald went to the First District Court of Southern Worcester at Webster where he applied for and swore to the two complaints here involved. On September 5, 1968, the defendant was tried in the District Court on these two complaints and there found guilty. He appealed to the Superior Court where he first filed the motion to dismiss which is here at issue.

The defendant contends that the failure of the officer to give him a citation at the time and place of the violation

[1] Complaint No. 31731 alleges that on July 21, 1968, the defendant operated a motorcycle on a public way without protective headgear. (G. L. c. 90, § 7, as amended by St. 1967, c. 13.)

Complaint No. 31732 alleges that on July 21, 1968, the defendant operated a motorcycle without displaying proper registration plates. (G. L. c. 90, § 6.)

requires that the complaints be dismissed. He bases this contention on that limited part of G. L. c. 90C, § 2 (as amended through St. 1965, c. 692, § 3), which provides that "[a] failure to give the original of the citation to the offender at the time and place of the violation shall constitute a defence in any trial for such offense." In so doing he ignores the fact that the statute as in effect on July 21, 1968, then continues as follows: "except where . . . the court finds that some other circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure. In such case the automobile law violation shall be recorded upon a citation as soon as possible after such violation and the citation shall be delivered to the offender or mailed to him at his residential or mail address or to the address appearing on his license or registration."

In this case Officer MacDonald was not in uniform, was not on duty and did not have his citation book with him when he observed the automobile law violations by the defendant. He asked the defendant to show him his license and registration and the defendant refused to do so. The defendant's motorcycle displayed no registration plates. The form of citation used under c. 90C requires information including the name, address, date of birth and license number of the violator, the name and address of the owner and the registration number of the vehicle involved and additional information about the time, place and nature of the violations. The officer acted reasonably and "as soon as possible after" the violations by returning to his home, filling out the required citation immediately and having it delivered to the defendant's home the day after the violations. The evidence warranted a finding by the trial judge that there existed some "circumstance, not inconsistent with the purpose of . . . [G. L. c. 90C, § 2], namely, to cause violators of automobile law to be brought uniformly to justice," which justified the officer's failure to give the defendant a citation at the time of the violation. See *Commonwealth* v. *Gorman,* 356 Mass. 355. The trial judge's denial of the

defendant's motion to dismiss, after hearing the testimony of the officer, implies such a finding. We hold that if the situation was subject to G. L. c. 90C, there was no error in the court's denial of the motion to dismiss the complaints.

The defendant also contends, in the alternative, that Officer MacDonald was not a "police officer assigned to traffic enforcement duty" at the time and place of the alleged violations, and therefore he had no authority to arrest the defendant or to issue any citation under c. 90C. As to the officer's power to arrest the defendant, the clear answer is that there is nothing in the record before us to show that he arrested the defendant; thus that argument does not apply to this case. If Officer MacDonald *was not* a "police officer assigned to traffic enforcement duty" at the time and place in question, and if, for that reason, he was not authorized to issue a citation under G. L. c. 90C, then his failure to issue one on the spot is no defence to the complaints in this case. The same statute, on which the defendant relies in making his first argument, says that "Nothing in this chapter shall prevent a person other than a police officer from applying for a criminal complaint for an automobile law violation, and such person need not show that the alleged offender has been issued a citation in connection with such offense." If Officer MacDonald was a "police officer" within the meaning of G. L. c. 90C, § 2, at the time and place of the defendant's alleged automobile law violations, he complied with the requirements of that section for the issuance of a citation. If he was not such a "police officer" he was entitled to apply for complaints against the defendant without showing that any citation had been issued to the defendant. In either event, the complaints were lawfully issued, and the defendant's motion to dismiss them was properly denied.

The defendant attempts through his brief to introduce the fact that Officer MacDonald was "a state police officer assigned to the Massachusetts Turnpike Authority." He then argues that because of G. L. c. 22, §§ 9A and 9H, Officer MacDonald had only the powers of constables when

not on duty on the turnpike, and that a constable may not stop or arrest anyone unless "he is in uniform or displays his badge of office." G. L. c. 90, §§ 1 and 21. The bill of exceptions refers to Officer MacDonald as a "State Police Officer," and it makes no reference to the Massachusetts Turnpike Authority. The defendant's reference to such fact in his brief is not properly before us. *Carilli* v. *Hersey*, 299 Mass. 139, 145. *Gorey* v. *Guarente*, 303 Mass. 569, 570–571. Even if this additional fact were properly before us, it would not change the result because even if Officer MacDonald is to be considered a constable, he remains "a person" who could apply for complaints without showing that he had issued a citation under G. L. c. 90C, § 2.

*Exceptions overruled.*