COMMONWEALTH *vs*. MICHAEL MCCARTHY.

Essex. February 26, 1981. — April 6, 1981.

Present: HALE, C.J., ARMSTRONG, & PERRETTA, JJ.

*Motor Vehicle*, Citation for violation of motor vehicle law. *Practice,
Criminal*, Citation for violation of motor vehicle law.

Where a police officer began to write a citation for a motor vehicle viola-
tion on September 5 but was unable to complete it because he did not
know the defendant's address and the defendant had failed to go to the
police station as requested by the officer and where the officer, after
attempting unsuccessfully to find the address, finally mailed the cita-
tion to a former address of the defendant's parents on September 20
and filed an application for a complaint on that day, the defendant
was not entitled to dismissal of the complaint for failure of the officer
to make application within three days of writing the citation as re-
quired by G. L. c. 90C, § 2. [656-658]

COMPLAINT received and sworn to in the Central District
Court of Northern Essex on December 22, 1977.

Upon appeal for trial by jury of six, a motion to dismiss
was heard by *Hayes*, J., and the case was tried before him.

*Joseph A. Cleary* for the defendant.

*Lila Heideman*, Assistant District Attorney, for the Com-
monwealth.

ARMSTRONG, J.   The defendant was convicted on a com-
plaint charging that he had failed to stop after an incident
in which his vehicle, to his knowledge, had caused injury to
property (G. L. c. 90, § 24[2][a]).   In this appeal the de-
fendant contends that the trial judge erred in denying a mo-
tion to dismiss the complaint.   The basis of the motion was
an alleged failure by the police to file the application for the
complaint within three days of the writing of the citation, a
violation of G. L. c. 90C, § 2 (as amended through

St. 1968, c. 725, § 3),[1] which was held in *Commonwealth v. Clinton*, 374 Mass. 719 (1978), to require dismissal of the complaint.

The incident occurred in Georgetown in the early morning hours of September 4, 1977. The defendant ran his vehicle into a parked car, then backed up, struck a pedestrian (no serious injury resulted, apparently), and then fled the scene without stopping. A Georgetown police officer found the defendant at a gas station in Georgetown Square around 11:00 P.M. on September 5. The defendant was then a passenger in someone else's car. The officer quizzed the defendant, who first denied but later admitted his involvement in the incident. The defendant did not have his license or registration. The officer asked the defendant to come to the police station where the officer's citation book was. He then went to the station, and made out the citation as far as he could, but he did not know the defendant's address. He waited for the defendant, but the defendant did not show up.

---

[1] The citation mechanism established by G. L. c. 90C, § 2, was intended to eliminate the opportunity to "fix" traffic tickets by vesting in the police officer at the scene of the violation the power and duty to decide whether to prosecute for the violation or merely to issue a warning. The officer is required to record his decision promptly on a citation form (the forms are required to be numbered consecutively to prevent substitution) and to give it to the offender at the time and place of the violation. The third paragraph of § 2 provides that the officer's failure to do so will be a defense to any charge subsequently brought, "except where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender or where the court finds that some circumstance, not inconsistent with the [no fix] purpose of this section, . . . justifies the failure." The officer who issues the citation is required by the fourth paragraph to turn in the remaining copies of the citation at the close of his tour of duty, and the police chief or his designee is required to apply for a complaint (if the citation so specifies) "no later than three days after the date on which the citation was written, Sundays and holidays excepted." In *Commonwealth v. Clinton*, 374 Mass. 719 (1978), it was held that the defense established by the third paragraph of § 2 can be invoked if the police fail to comply with the three-day complaint application requirement of the fourth paragraph.

The officer then spent some time trying to find the defendant's address. He had formerly lived with his parents in Georgetown, but the parents had moved out of town. He had a brother who lived in Georgetown, but the brother disclaimed knowledge of the defendant's whereabouts. The defendant, since his parents' move, had come to Georgetown almost nightly to hang out with friends, but he ceased that practice after September 5. On September 20 the officer mailed the citation, complete except for address, to the defendant at his parents' former address. The same day he filed the application for a complaint. The defendant apparently did not respond to the citation or the complaint but according to both briefs was arrested twenty-two months later for an unrelated violation of law.

We hold that, on those facts, the motion to dismiss the complaint was properly denied. The three-day period for applying for a complaint did not start to run on September 5, 1977, because the police officer was not able, through no fault of his own, but rather through the defendant's wilful evasion, to complete the citation in a manner in which it could be delivered or mailed to the defendant. The police officer was justified in searching for the defendant in Georgetown square during the ensuing nights and searching for a meaningful address to complete the citation form, although in the end he did not succeed in either endeavor. We treat the citation as having been "written" within the meaning of G. L. c. 90C, § 2, fourth par., when the officer gave up the effort, broke apart the citation booklet, and mailed the original to the defendant at his parents' last known address. The complaint was applied for the same day.

We would not reach a different result, however, even if we were to treat the citation as having been "written" more than three days before the complaint application was filed; for if, as held in the *Clinton* case, a violation of the three-day period enables the defendant to invoke the defense created by § 2, third par., that defense is implicitly subject to the same exceptions that would apply if the violation were of

the citation-writing provisions of the paragraph. Any failure in this case was, in our view, justified by a "circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice." G. L. c. 90C, § 2, third par. The excusing circumstance was a good-faith effort by the officer to complete the citation form in a manner that would enable it to be brought to the actual attention of the defendant by mailing it to a meaningful address. *Commonwealth* v. *Pizzano,* 357 Mass. 636 (1970). Contrast *Commonwealth* v. *Mullins,* 367 Mass. 733 (1975). Any other result would reward the defendant for a deliberate evasion of service.

On either analysis, the motion to dismiss the complaint was, in our opinion, properly denied.

*Judgment affirmed.*