COMMONWEALTH *vs.* SHELLY M. PERRY.

Worcester. January 12, 1983. — February 9, 1983.

Present: GREANEY, KAPLAN, & DREBEN, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law. *Practice, Criminal,* Citation for violation of motor vehicle law.

Complaints charging a defendant with automobile law violations, includ-
ing negligent motor vehicle homicide, should not have been dismissed
because of the failure of police officers to issue a citation to the defend-
ant as required by G. L. c. 90C, § 2, where the violations charged
were serious, the citation was written the day after the accident, deliv-
ery to the hospitalized defendant in person was avoided out of consid-
eration for her condition and at her father's request, and delivery was
made to her father and, through her father, to counsel. [283-285]

COMPLAINTS received and sworn to in the Western Worces-
ter Division of the District Court Department on March 24,
1982.

A motion to dismiss the complaints was heard by *Scola,* J.

*Lynn Morrill Turcotte,* Assistant District Attorney, for
the Commonwealth.

*James G. Reardon* for the defendant.

KAPLAN, J. We reinstate complaints for automobile law
violations that were dismissed below by reason of alleged in-
sufficiency in the delivery of the citation.

On March 18, 1982, at 11:05 P.M., two cars collided on
Route 67 in the village of West Warren. The injured per-
sons were taken to Mary Lane Hospital. Sergeant Steven
McCarthy of the Warren police, investigating the accident
on the scene, ascertained that the driver of one of the cars
was the defendant Shelly M. Perry, twenty years old at the
time. Sergeant McCarthy and another officer went to the
hospital that night to interview the injured and spoke with
the defendant, one of those hospitalized. She was conscious

and lucid and, having been advised of her rights, gave some information and consented to the taking of a blood sample. The next day, March 19, one of the injured persons died. Sergeant McCarthy prepared that day a citation directed to the defendant charging, as violations, failure to stay within marked lanes, speeding, operating while under the influence of intoxicating liquor, operating negligently so as to endanger, and negligent motor vehicle homicide. He attempted to see the defendant at the hospital but was stopped by her nurse. Returning to the police station he had a meeting with the defendant's father and asked him whether he could see the defendant. The father said he did not want him to visit her because she was still in an agitated condition. Thereupon Sergeant McCarthy handed the citation to the father who took it to counsel for the defendant.

Complaints were received and sworn to in the District Court of Western Worcester on March 24 and served on the defendant on March 29. She moved to dismiss the complaints on the ground that there had been a deviation from the procedure for handling citations for automobile law violations laid down in G. L. c. 90C, § 2, third par., as amended by St. 1968, c. 725, § 2. A judge of the District Court allowed the motion but with expressions of regret about his decision.

The relevant statutory language is as follows: "A failure to give the original of the citation to the offender at the time and place of the violation shall constitute a defense in any trial for such offense, except where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the offender or where the court finds that some circumstance, not inconsistent with the purpose of this section, namely, to cause violators of automobile law to be brought uniformly to justice, justifies the failure. In such case the automobile law violation shall be recorded upon a citation as soon as possible after such violation and the citation shall be delivered to the offender or mailed to him at his residential or mail address or to the address appearing on his license or registration."

In the present case there can be no serious suggestion that the writing or issuance of the citation on March 19 was unduly delayed: there is no reason to doubt that it was prepared as soon as the investigation and assembly of the facts, including the fact of the death, permitted. *Commonwealth v. Pizzano*, 357 Mass. 636, 638 (1970). *Commonwealth v. Provost*, 12 Mass. App. Ct. 479, 482-485 (1981). The only criticism that can be made relates to the method of delivery of the citation; and as to that we may say that in-hand delivery to the offender herself when the citation was ready would have been inhumane and unreasonable because of her physical or psychological condition, as indicated by the nurse and the father. Cf. *Commonwealth v. Dias*, 358 Mass. 819, 820 (1971). The question reduces to whether the substituted method of communication actually used was permissible in the circumstances.

Although "a citation is only a notice of violation and does not by itself institute a criminal proceeding" (*Commonwealth v. Germano*, 379 Mass. 268, 270 n.3 [1979]), the procedures of § 2 are to be enforced with due strictness. *Commonwealth v. Clinton*, 374 Mass. 719, 721 (1978). Thus where an important feature of the statutory arrangements was flouted through sloth or sheer inattention of the police, the subsequent complaint has been dismissed without regard to whether the defendant suffered actual prejudice. *Commonwealth v. Mullins*, 367 Mass. 733, 735-736 (1975) (delay of nineteen days because of neglect or "unexplained mistake"). Cf. *Commonwealth v. Clinton, supra* at 721 (unjustified delay in filing application for complaint). In cases without such egregious elements the courts have considered the extent and nature of the departure from literal compliance and the relation of the deviance to the dual objectives of the statute: these are "no fix," meaning prevention or discouragement of corrupt manipulations; and early advice to the offender about the violation being charged and whether he or she is to expect a complaint beyond a mere warning. *Commonwealth v. Giannino*, 371 Mass. 700, 703-704 (1977). *Commonwealth v. Provost, supra* at 483.

It was early held that in cases of arrest, the § 2 procedures were inapplicable even though the text mentioned no such exception: suspicion of "fix" could not arise in that situation and the offender was put on adequate notice. *Commonwealth* v. *Gorman*, 356 Mass. 355, 357-358 (1969). *Commonwealth* v. *Shea*, 356 Mass. 358, 359-360 (1969). See *Commonwealth* v. *Pappas*, 384 Mass. 428, 430 n.2 (1981). So also the cases make clear that the very seriousness of particular charges tends to minimize the importance of absolute observance of the procedures because, again, "fix" is virtually excluded, and notice is implicit. *Commonwealth* v. *Pappas*, *supra* at 431-432 (seriousness a factor in excusing some delay in delivering citation). *Commonwealth* v. *Provost*, *supra* at 483-484 (same). Cf. *Commonwealth* v. *Giannino*, *supra* at 704 (notice superfluous where crime requires actual knowledge). Furthermore, as long as the goals of the statute are not thwarted, flaws of detail in its observance can be overlooked, *Commonwealth* v. *Stockwell*, 356 Mass. 341, 342 (1969) (fault in filling out citation); *Commonwealth* v. *Jones*, 9 Mass. App. Ct. 103, 111 (1980), rev'd on other grounds, 382 Mass. 387 (1981) (additional citation for third death not required); *Commonwealth* v. *Drew*, 11 Mass. App. Ct. 517, 522 (1981) (citations designated as requests for complaints not filed with applications for complaints), or the terms of the statute may be glossed in order to contribute to its sensible administration. *Commonwealth* v. *Wade*, 372 Mass. 91, 93 n.3 (1977) (suggests interpretation to cover statutory omission).

In the case at bar the violations charged were serious; the citation was written as soon as feasible; delivery to the offender in person was avoided out of consideration for her condition and at her father's request; and delivery was in fact made to reasonable surrogates or stand-ins for the offender — her father and, through the father, counsel himself. It was intimated during argument that delivery to a father in the case of an offender under age might be sufficient as a delivery in effect to the offender; but age should not serve as the sole criterion, and here we have the added

assurance of communication to counsel. Moreover we may say that the communication was no less efficacious than would be a mailing to one or the other address mentioned in the last sentence of § 2, third par. Considering all the circumstances, we think the present complaints should not be held to fail. We note the absence of any indication that the offender was disadvantaged. In our view a decision saving the complaints promotes "the purpose of this section . . . to cause violators of automobile law to be brought uniformly to justice."

The present situation is unusual on its facts, but we observe, as to handling the citation when delivery "at the time and place of the violation" has not been feasible, that in *Commonwealth* v. *Pizzano*, 357 Mass. at 638, the citation, according to the court, was delivered the day after the violation, not to the offender in person, nor by mail, but by an officer's taking it to the offender's home; and in *Commonwealth* v. *McCarthy*, 11 Mass. App. Ct. 655, 657 (1981), the delivery, long delayed because of the offender's evasiveness, was made finally by mail to the former address of the offender's parents, which apparently could be thought a reasonable recourse when a better address could not be found, although the statute does not in terms allow this. See also *Commonwealth* v. *Gendron*, 14 Mass. App. Ct. 930 (1982), where delivery was made to the offender's wife in a hospital waiting room, with subsequent explanation to the offender in the dressing room with the wife present.

We are not to be taken as encouraging any deviation from the § 2 procedure. On the contrary, the police should be trained to regular compliance which will avoid problems like the present.

The orders dismissing the complaints are reversed, and the complaints are reinstated.

*So ordered.*