COMMONWEALTH vs. PAULA M. RILEY.

No. 95-P-1777.

Plymouth. June 11, 1996. - August 30, 1996.

Present: BROWN, PORADA, & FLANNERY, JJ.

*Motor Vehicle,* Operating under the influence, Citation for violation of mo-
tor vehicle laws. *Practice, Criminal,* Citation for violation of motor vehi-
cle laws.

A District Court judge correctly concluded, in the circumstances, that a
private citizen's complaint pursuant to G. L. c. 90C, § 4, against a de-
fendant for operating a motor vehicle while under the influence of
alcohol was barred by a police officer's failure to issue the defendant a
timely citation for the offense, and the judge properly allowed the
defendant's motion to dismiss on the ground that the complaint was
used as an "artifice" to circumvent the provisions of G. L. c. 90C, § 2.
[236-238]

COMPLAINT received and sworn to in the Hingham Divi-
sion of the District Court Department on April 6, 1994.

The case was heard by *Patrick J. Hurley,* J., on a motion to
dismiss.

*Irit N. Tamir,* Assistant District Attorney, for the Com-
monwealth.

*William F. Wallace* for the defendant.

  PORADA, J. The sole issue presented by this appeal[1] is
whether a private citizen's complaint against the defendant
for operating a motor vehicle while under the influence of
alcohol was barred by a police officer's failure to issue the de-
fendant a timely citation for this offense. A District Court
judge concluded that the complaint was barred and allowed

  [1]The defendant's claim, raised below, that her motion to dismiss should
have been allowed on the ground that prosecution for operating to endanger
constitutes a bar to prosecution for operating under the influence, is without
merit. Each offense requires proof of an element not required by the other,
and thus they are not the same for purposes of double jeopardy. *Luk* v.
*Commonwealth,* 421 Mass. 415, 431 (1995).

the defendant's motion to dismiss on the ground that the complaint was used as an "artifice" to circumvent the provisions of G. L. c. 90C, § 2. We agree and affirm the judgment of dismissal.

We summarize the undisputed facts garnered from the record. On October 24, 1993, a Hingham police officer, as a result of an automobile accident, issued the defendant a citation for three violations of the motor vehicle laws, namely failure to keep to the right, speeding, and operating so as to endanger. Before the trial of these offenses in the Hingham District Court, the district attorney's office issued a summons to South Shore Hospital for the production of the defendant's hospital record pertaining to injuries for which she was treated at the hospital on the night of the accident. This record indicated that the defendant had a blood alcohol level of .20 percent upon her admittance to the hospital.

Subsequent to the disposition of the three motor vehicle violations, on February 10, 1994, an assistant district attorney filed an application for a complaint charging the defendant with operating while under the influence of alcohol based on her blood alcohol reading at the time of the accident. On February 15, 1994, the Hingham police department issued a citation by mail advising the defendant that a criminal complaint would be sought against her for operating while under the influence based on this accident. On the same date, the Hingham police also applied for a criminal complaint for this offense.

On March 15, 1994, a show cause hearing was scheduled before a clerk-magistrate at the Hingham District Court on the applications for complaints of the assistant district attorney and the Hingham police department. At the start of the hearing, the police withdrew their application. The hearing then proceeded on the application of the assistant district attorney. During the hearing, the clerk-magistrate suggested that the assistant district attorney's application for the complaint might well be denied because it suffered from the same defect as the application by the Hingham police, namely the failure to issue a timely citation to the defendant for this offense. The clerk-magistrate also suggested that an application could be filed by a private citizen. As a result, the assistant district attorney withdrew his application, and immediately after the hearing one of the occupants of the car with which

the defendant's vehicle had collided filed an application for a complaint against the defendant for operating while under the influence. After a show cause hearing, a clerk-magistrate issued the complaint against the defendant for operating while under the influence. The defendant then filed a motion to dismiss the complaint, which was allowed by a District Court judge. The Commonwealth filed this appeal.

The Commonwealth argues that the judge erred in ruling that the provisions of G. L. c. 90C, § 2, act as a bar to the prosecution of this complaint. The pertinent provision of § 2, as amended by St. 1985, c. 794, § 3, provides:

> "A failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation, except where the violator could not have been stopped or where additional time was reasonably necessary to determine the nature of the violation or the identity of the violator, or where the court finds that a circumstance, not inconsistent with the purpose of this section to create a uniform, simplified and non-criminal method for disposing of automobile law violations, justifies the failure."

The Commonwealth claims that the judge's ruling was erroneous because under G. L. c. 90C, § 4, a private citizen may apply for a complaint for a motor vehicle violation that constitutes a criminal offense without proof that a citation issued to the violator.[2]

There is no dispute that under G. L. c. 90C a police officer or a private citizen may apply for a criminal complaint for a motor vehicle violation. G. L. c. 90C, §§ 2, 4. In the case of a private citizen, no citation is required to be presented to a clerk-magistrate to obtain a complaint. G. L. c. 90C, § 4. In the case of a police officer, the citation must be presented and in fact constitutes the application for a criminal complaint.

---

[2]General Laws c. 90C, § 4, as amended through St. 1991, c. 138, § 162, provides in pertinent part as follows: "Nothing in this chapter shall prevent a person other than a police officer from applying for a criminal complaint for an offense that constitutes a criminal automobile law violation under subsection (B) of section three of this chapter, and such person need not show that the violator has been issued a citation in connection with such violation."

G. L. c. 90C, §§ 2, 3. The question posed by this case is whether the Commonwealth may utilize a citizen's § 4 complaint to prosecute a criminal motor vehicle violation in circumstances where the Commonwealth has concluded that a police complaint would be barred because of the inexcusable failure to issue a timely citation to the violator pursuant to G. L. c. 90C, § 2.[3]

While we readily admit that it is not clear whether the subject provision of § 4 can be utilized to avoid the requirements of § 2, we recognize that under the canons of statutory construction G. L. c. 90C must be read as a whole. *Empire Masonry Corp.* v. *Franklin*, 28 Mass. App. Ct. 707, 715 (1990). The court must read each section of the chapter and construe them together so as to constitute a harmonious whole consistent with the legislative purpose. *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 240 (1985).

The purposes of § 2, the so-called "no-fix" law, are (1) to prevent manipulation or misuse of the citation process and (2) to give prompt and definite notice of the nature of the alleged violation to the putative violator. *Commonwealth* v. *Cameron*, 416 Mass. 314, 316 & n.2 (1993). Here, the only objective of § 2 called into question is the failure to give prompt notice of the violation to the violator. If the Commonwealth's argument is accepted, however, that objective is defeated in this case.[4] Moreover, when the police for what-

---

[3]In support of its argument that G. L. c. 90C, § 4, permits what occurred here, the Commonwealth cites *Commonwealth* v. *Federico*, 354 Mass. 206 (1968), and *Commonwealth* v. *Pizzano*, 357 Mass. 636 (1970). Although both of these cases recognize that a private citizen may apply for a criminal complaint for an automobile law violation, neither one of them addresses the precise issue raised by this case: whether an officer's failure to issue a timely citation can be "cured" several months after the fact by a citizen's § 4 complaint application. Also, not an issue in this case is the application of any of the exceptions listed in § 2 to the requirement that a copy of the citation be issued "at the time and place of the violation"; the parties have assumed that none of the exceptions apply.

[4]We reject the Commonwealth's argument that the requirements of § 2 were met here because the defendant was placed on notice of the seriousness of the accident and notice of criminal prosecution against her by the citation issued to her on October 24, 1993. We conclude that that citation would not suffice to serve notice of the potential of an operating while under the influence charge to be lodged against her. Compare *Commonwealth* v. *Cameron*, 416 Mass. at 315-316.      .

ever reason have failed to comply with the strict requirements of § 2, the Commonwealth could easily cure the error by procuring a private citizen to initiate a complaint pursuant to § 4. We therefore conclude that a harmonious reading of §§ 2 and 4 leads to the conclusion that the latter cannot be invoked in a backdoor manner to avoid the former's requirements. See *Empire Masonry Corp.* v. *Franklin*, 28 Mass. App. Ct. at 715.

Our analysis finds support in the dicta of *Commonwealth* v. *Grise*, 398 Mass. 247, 252 (1986), where the Supreme Judicial Court stated that § 4 is a framework for "personal grievances regarding motor vehicle violations." This language suggests that § 4 is intended solely as a private individual's personal remedy and not as a "backup" method to be utilized by police or the Commonwealth when the § 2 citation process has been foreclosed due to police error or neglect. Accordingly, we conclude that in the circumstances of this case the judge acted properly in dismissing the complaint.[5]

*Judgment affirmed.*

---

[5]By our ruling we do not mean to intimate that a private citizen's complaint would be barred in every case in which the police have issued a citation to the violator. Our ruling is limited to the precise facts of this case where the complaint was used as a means to circumvent the strict time requirements and narrow exceptions to those requirements provided by § 2.