COMMONWEALTH *vs.* THOMAS STEADWARD.

No. 96-P-229.

Hampden. January 10, 1997. - July 31, 1997.

Present: PERRETTA, DREBEN, & JACOBS, JJ.

*Motor Vehicle,* Citation for violation of motor vehicle law, Operating under the influence. *Practice, Criminal,* Citation for violation of motor vehicle laws, Complaint. *Statute,* Construction.

Where criminal complaints alleging that the defendant operated a motor vehicle on a public way while under the influence of intoxicating liquor and caused serious bodily injury to two persons were dismissed for the Commonwealth's failure to comply with the citation provisions set forth in G. L. c. 90C, § 2, and the Commonwealth did not appeal, a District Court judge correctly dismissed identical complaints that had subsequently issued pursuant to an application under G. L. c. 90C, § 4, filed by one of the persons injured by the defendant. [273-276]

COMPLAINTS received and sworn to in the Springfield Division of the District Court Department on May 24, 1994.

A motion to dismiss was heard by *George A. Sheehy,* J.

*Deborah Ahlstrom,* Assistant District Attorney, for the Commonwealth.

*Richard H. Gens* for the defendant.

PERRETTA, J. When complaints charging the defendant with motor vehicle violations were dismissed on the basis that the police had failed to issue a timely citation as required by G. L. c. 90C, § 2, the Commonwealth took no appeal. Almost five months later, a person injured by the defendant applied under G. L. c. 90C, §. 4, for complaints identical to those that had been dismissed. Although complaints did issue, a District Court judge dismissed them on double jeopardy grounds. The Commonwealth appeals. It argues that the defendant was never put in jeopardy on the earlier complaints and that in the absence of a finding that the citizen's complaints were being used by the police to circumvent the provisions of § 2, proceedings on

those complaints were not precluded by our decision in *Commonwealth* v. *Riley*, 41 Mass. App. Ct. 234 (1996). We conclude that where complaints are issued on an application made by a citation for a criminal motor vehicle violation pursuant to G. L. c. 90C, §§ 2 and 3(B)(1) and (2), proceedings on identical complaints issued on an application made under § 4 are barred. We affirm the judgments of dismissal.

1. *The facts.* On March 10, 1993, the defendant was arrested for operating a motor vehicle on a public way while under the influence of intoxicating liquor. See G. L. c. 90, § 24. He was complained against and arraigned that same day, and the case was continued to March 15, 1993. A pretrial conference was scheduled on that day for April 12, 1993. Four days prior to the conference, the police cited the defendant for negligently operating a motor vehicle on a public way while under the influence of intoxicating liquor and causing serious bodily injury to another. See G. L. c. 90, § 24L.[1]

When the defendant appeared in court on April 12, 1993, the Commonwealth sought and obtained dismissal of the complaint brought on March 10, 1993. The defendant was then arraigned on the new complaints dated April 12, 1993, and alleging violations of c. 90, § 24L. On June 25, 1993, he moved to dismiss those complaints on the stated basis that the Commonwealth had failed to comply with the citation provisions set out in G. L. c. 90C, § 2. It appears from the record that the motion was heard and taken under advisement on December 15, 1993; it was allowed two days later. The Commonwealth did not exercise its right of appeal from the dismissal of those complaints. See Mass.R.Crim.P. 15(a)(1), 378 Mass. 882 (1979).

On May 24, 1994, complaints identical to those dismissed the previous December were issued upon an application brought under G. L. c. 90C, § 4, by one of the persons injured by the defendant on March 10, 1993. The defendant again filed a motion to dismiss, which was allowed by a District Court judge who concluded that the Commonwealth was barred from proceeding on the complaints on double jeopardy and collateral estoppel grounds. The Commonwealth then brought this appeal.

2. *Dismissal of the 1993 complaints.* Citing *Commonwealth* v. *Babb*, 389 Mass. 275, 283-284 (1983), quoting from *Commonwealth* v. *Perry*, 15 Mass. App. Ct. 281, 284 (1983), the

---

[1]Two people were injured.

Commonwealth argues that dismissal of its April, 1993, complaints on the basis of untimely citations was error. Whether we agree is irrelevant. The controlling point is that the Commonwealth, having chosen not to exercise its right of appeal from that judgment, cannot now seek review of the propriety of those dismissals. See *Monahan* v. *Commonwealth,* 414 Mass. 1001, 1002 (1993).

3. *Dismissal of the citizen's complaints.*[2] General Laws c. 90C, § 4, as amended through St. 1991, c. 138, § 162, reads. in relevant part:

> "Nothing in this chapter shall prevent a person other than a police officer from applying for a criminal complaint for an offense that constitutes a criminal automobile law violation under subsection (B) of section three of this chapter, and such person need not show that the violator has been issued a citation in connection with such violation."

In *Commonwealth* v. *Riley,* 41 Mass. App. Ct. at 234-235, we affirmed a District Court judge's dismissal of a complaint issued on a citizen's application under § 4 where that complaint was found to be an "artifice" to circumvent the failure of the police to comply with the citation provisions of § 2. There the Commonwealth withdrew its complaint once it became apparent that it was about to suffer a dismissal. Suggestion was then made by the clerk-magistrate to the prosecutor that an application for a complaint could be filed by a private citizen. Immediately after the hearing before the clerk-magistrate, an occupant of the car which was struck by the defendant's vehicle made application under § 4 for a complaint which subsequently issued. On those facts, we held that a "harmonious reading of §§ 2 and 4 leads to the conclusion that the latter cannot be invoked in a backdoor manner to avoid the former's requirements." *Commonwealth* v. *Riley,* 41 Mass. App. Ct. at 238.

Our conclusion, however, was specifically limited to the facts of that case: "By our ruling we do not mean to intimate that a

---

[2]Because our decision is based upon G. L. c. 90C rather than upon constitutional grounds, we do not consider the Commonwealth's contention that double jeopardy does not bar proceedings on the 1994 citizen initiated complaints. See *Commonwealth* v. *Ludwig,* 370 Mass. 31, 33 (1976), quoting from *United States* v. *Jorn,* 400 U.S. 470, 479 (1971) ("A defendant is not put in 'jeopardy' within the meaning of the constitutional prohibition until he 'is put to trial before the trier of the facts, whether the trier be a jury or a judge' ").

private citizen's complaint would be barred in every case in which the police have issued a citation to the violator. Our ruling is limited to the precise facts of this case where the complaint was used as a means to circumvent the strict time requirements and narrow exceptions to those requirements provided by § 2." *Id.* at n.5.

The Commonwealth argues that because the District Court judge made no finding of "artifice," *Riley* is not dispositive. There is nothing in the record to show or to allow an inference that the Commonwealth did anything to prompt the citizen's complaints. It is, therefore, necessary to reach the issue left unresolved in *Riley*, that is, whether a citizen's complaint is barred "in every case in which the police have issued a citation to the violator." *Ibid.*

When a police officer issues a citation for a criminal motor vehicle violation which advises that criminal complaints will be sought, that citation constitutes the application for complaints. See G. L. c. 90C, § 3(B)(1) and (2).[3] The citation must issue in accordance with c. 90C, § 2, as amended by St. 1985, c. 794, § 3, which provides in relevant part: "A failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in *any court proceeding for such violation*"[4] (emphasis supplied).

In *Commonwealth* v. *Clinton*, 374 Mass. 719, 721 (1978), the

---

[3]General Laws c. 90C, § 3(B)(1) and (2), as appearing in St. 1991, c. 138, § 161, provides as relevant:

"(B)(1) If a police officer observes or has brought to the officer's attention the occurrence of an automobile law violation that constitutes a criminal offense, the police officer: . . . (c) may determine that an application for criminal complaint shall be filed.

"(2) If the police officer determines that an application for criminal complaint shall be filed, the officer shall so indicate on the citation. The citation shall notify the violator that a violator accused of a misdemeanor, with no accompanying felony, will be granted a hearing before such complaint issues . . . if the violator so requests in writing within four days of the violation . . . . The citation shall serve as the application for criminal complaint . . . . If a criminal complaint is issued, the procedure established for criminal cases shall then be followed . . . ."

[4]Although § 2 provides for certain circumstances which excuse the failure to issue a citation timely, none appears to be relevant to the 1993 complaints and, as noted, it is too late to argue to the contrary.

court, construing an earlier version of § 2, concluded that the failure to deposit requests for complaints in the appropriate District Court within the time specified in § 2, as amended through St. 1968, c. 725, § 3, required their dismissal. In reaching that conclusion, the court stated: "Since this statute is penal in nature, it must be strictly construed. *Commonwealth* v. *Federico*, 354 Mass. 206, 207 (1968). See *Commonwealth* v. *Hayden*, 211 Mass. 296, 297 (1912). It is true that the Legislature did not specify what consequences should follow the failure of the police to satisfy the three-day time limit, but uncertainty that results from a literal reading of the statute is to be resolved in favor of the defendant. *Commonwealth* v. *Conway*, 2 Mass. App. Ct. 547, 552 (1974)." .

A literal reading of § 2 refutes any notion that the defense therein provided is restricted to the proceedings initiated by citations. To the contrary, the express language of the statute states that the defense pertains to "any court proceeding" based upon the violation specified in the citation.

We turn to § 4. As noted in *Commonwealth* v. *Riley*, 41 Mass. App. Ct. at 237: "[U]nder the canons of statutory construction G. L. c. 90C must be read as a whole. *Empire Masonry Corp.* v. *Franklin*, 28 Mass. App. Ct. 707, 715 (1990). The court must read each section of the chapter and construe them together so as to constitute a harmonious whole consistent with the legislative purpose. *Pentucket Manor Chronic Hosp., Inc.* v. *Rate Setting Commn.*, 394 Mass. 233, 240 (1985)."

There is nothing in § 4 that expressly or impliedly exempts a citizen's complaint from the defense in § 2. By eliminating the citation requirement imposed upon the police by §§ 2 and 3, § 4 simply makes the long-recognized right of a citizen to apply for a criminal complaint, see *Commonwealth* v. *Haddad*, 364 Mass. 795, 798 (1974), equally available to criminal motor vehicle violations. The statute does not, however, give a victim of a criminal motor vehicle violation greater rights than victims of other crimes.

There can be no dispute that, where a proceeding on a complaint issued on a citation pursuant to § 3(B)(1) and (2) results in a conviction, any complaint for the same violation issued on a citizen's application made under § 4 would be subject to dismissal on double jeopardy grounds. Further, a citizen has no judicially recognized interest in the prosecution of a criminal complaint, whether it issues on his application or that of a

police officer. "Although a victim may seek a complaint against the alleged criminal (see G. L. c. 218, §§ 32, 33, and 35), the prosecution of any complaint, once issued, is conducted in the interests of the Commonwealth and not on behalf of the alleged victim." *Manning* v. *Municipal Ct. of the Roxbury Dist.*, 372 Mass. 315, 317 (1977). See *Taylor* v. *Newton Div. of the Dist. Ct. Dept.*, 416 Mass. 1006, 1006 (1993) ("[I]t is settled beyond cavil that a private citizen has no judicially cognizable interest in the prosecution of another. The rights which the plaintiff seeks to enforce criminally are not private but in fact are lodged in the Commonwealth, though he has rights to proceed in a civil action"). See also *Tarabolski* v. *Williams*, 419 Mass. 1001, 1001-1002 (1994).

Construing §§ 2, 3, and 4 together "so as to constitute a harmonious whole consistent with the legislative purpose," *Commonwealth* v. *Riley*, 41 Mass. App. Ct. at 237, we conclude that §§ 2 and 3(B)(1) and (2) establish the procedures to be followed where the police issue a citation for a criminal motor vehicle violation and that § 4 simply provides a means whereby a criminal prosecution for an alleged violation of c. 90C may be initiated when the police refuse or otherwise fail to issue a citation. Where, however, the police have initiated criminal proceedings pursuant to §§ 2 and 3(B)(1) and (2), those proceedings are conclusive upon the citizen who is limited to his civil remedies. To hold otherwise would defeat the "no-fix" and notice purposes of § 2. See *Commonwealth* v. *Riley*, 41 Mass. App. Ct. at 237-238. Because the police did issue citations and obtain complaints in the present case, proceedings on the complaints for the identical violations issued on the citizen's application under § 4 were properly dismissed.

*Judgments affirmed.*