NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1064

COMMONWEALTH

vs.

HELEN BAMBUS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the denial of her motion to dismiss a criminal complaint charging her in the District Court with operation of a motor vehicle while under the influence of alcohol (OUI), second offense.[1]  See G. L. c. 90, § 24 (1) (a) (1).  The defendant argues police failed to issue her a citation in compliance with G. L. c. 90C, § 2, the "no-fix" statute.  Because the purposes of the statute were met, we conclude the circumstances justify the officer's failure to

_____

[1] After the judge denied her motion to dismiss, the defendant tendered a conditional plea.  See Mass. R. Crim. P. 12 (b) (6), as appearing in 482 Mass. 1501 (2019).  The parties have stipulated that a reversal of the denial of the motion to dismiss would dispose of the charge.

deliver the citation directly to the defendant.  See G. L.
c. 90C, § 2.  Accordingly, we affirm.

Background.  In reviewing a motion to dismiss, "[w]e adopt
the . . . judge's factual findings, which we do not disturb
absent clear error, and supplement them with uncontroverted
details from the record."  Commonwealth v. O'Leary, 480 Mass.
67, 67-68 (2018).  We summarize the pertinent facts as follows.

On April 3, 2020 -- near the start of COVID-19 lockdowns --
police responded to a disabled vehicle, in which defendant was
the only occupant.  When the citing officer approached the car,
he saw that the defendant was crying and talking on the
telephone.  The defendant gave nonresponsive answers to the
officer's initial questions and repeatedly told the officer to
"wait a minute" or "stop," indicating that she did not want to
talk to him.

An ambulance arrived, as did the defendant's husband.  The
defendant was agitated and abrasive as the paramedics treated
her.  After speaking with the defendant's husband, the officer
provided him with the defendant's citation.  From the ambulance,
the defendant saw her husband receive the citation.  The
defendant was transported to the hospital and was soon released.
Upon her release from the hospital, the defendant asked her
husband about the citation; she was aware she had been cited for
the offenses noted above.

2

Discussion. General Laws c. 90C, § 2, states,

> "A failure to give a copy of the citation to the violator at the time and place of the violation shall constitute a defense in any court proceeding for such violation, except where . . . the court finds that a circumstance, not inconsistent with the purpose of this section to create a uniform, simplified and non-criminal method for disposing of automobile law violations, justifies the failure."

When analyzing whether the circumstances justify failure to issue a citation as prescribed, "[e]ach case must be decided on its own peculiar facts," keeping the purposes of the statute in mind. Commonwealth v. Burnham, 90 Mass. App. Ct. 483, 485 (2016), quoting Commonwealth v. Provost, 12 Mass. App. Ct. 479, 484 (1981).

The no-fix statute has two purposes: "First, '[t]he nature of traffic citations renders them uniquely suited to manipulation and misuse,' and the statute 'is intended to prevent such abuses by eliminating unreasonable or unnecessary delay.'" Commonwealth v. Foley, 496 Mass. 320, 324 (2025), quoting Commonwealth v. Pappas, 384 Mass. 428, 431 (1981). "Second, the statute aims to afford prompt and definite notice of the nature of the alleged offense to the putative violator . . . to prevent a situation in which a person cannot establish a defence due to . . . being charged with a violation long after it occurs" (quotations omitted). Foley, supra, quoting Pappas, supra. "[A]s long as the goals of the statute are not thwarted, flaws of detail in its observance can be

3

overlooked." Commonwealth v. Perry, 15 Mass. App. Ct. 281, 284 (1983). The defendant does not argue that the facts present a risk of manipulation or misuse,[2] therefore only the notice aspect is at issue. See Commonwealth v. Cameron, 416 Mass. 314, 316 n.2 (1993).

The Supreme Judicial Court has suggested that "hand[ing] the citation to a close relative of the defendant rather than the defendant [her]self" is excusable as a "technical error[]" in the context of the no-fix statute. Commonwealth v. Carapellucci, 429 Mass. 579, 582 (1999). For example, in Perry, 15 Mass. App. Ct. at 282, 285, this court found that the citing officer was justified in giving a defendant's citation to her father, in part because the defendant was in an agitated condition in the hospital. Under those circumstances -- and where the purposes of the statute were not thwarted -- delivery to a relative did not require dismissing the complaints. See id. See also Commonwealth v. Gendron, 14 Mass. App. Ct. 930, 930-931 (1982) (giving citation to defendant's wife on date of offenses was sufficient).

Here, the defendant saw the officer giving the citation to the defendant's husband at the scene of the violation, and the defendant had actual notice of the citation not long after, so

---

[2] Nor do the facts support such an argument.

4

the notice purpose of the no-fix statute was fulfilled.  See Perry, 15 Mass. App. Ct. at 284-285.  The defendant indicated she did not want to talk to the officer, and she was in an agitated state inside an ambulance when he handed the citation to her husband.  As in Perry, the defendant's agitation, the officer's delivery to a "reasonable surrogate[]," and the lack of undue delay together produce a set of circumstances that justify a technical error in delivering the citation.  See id.  These factors are only bolstered by the defendant's refusal to engage with the officer and by potential concerns about the COVID-19 pandemic.

Although we do not endorse deviations from the procedure given by the no-fix statute, the deviation in this case was justified and no purpose of the no-fix statute was thwarted.  See Perry, 15 Mass. App. Ct. at 284-285.  As such, we affirm the denial of the motion to dismiss.

Order denying motion to dismiss affirmed.

By the Court (Henry, Hand & Brennan, JJ.[3]),

Clerk

Entered:  October 31, 2025.

---

[3] The panelists are listed in order of seniority.